## No. 750 —MARY Z. KNIGHT, Administratrix, *v.* E. B. MENTZ, Sheriff, et al.

The act of 1855, No. 200, p. 254, under which a married woman is authorized to execute a mortgage on her own property by observing the formalities therein prescribed, does not abrogate nor do away with the rules laid down in the Civil Code by which she is authorized, by and with the authorization and consent of her husband, to mortgage her separate property for a debt which inures to her separate use and benefit. 15 An. 94; 21 An. 398; 22 An. 457.

The husband is not incapacitated from testifying that the debt for which his wife gave a mortgage on her separate property inured to her separate and sole advantage.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train,* J. *Arthur F. & Clay Knoblock,* for plaintiff and appellant. *Gates & Caffery,* for defendants and appellees.

HOWE, J. On the twenty-eighth October, 1856, Mrs. Josephine Baskerville executed a mortgage in favor of Henry Knight (now deceased, and whose administratrix is the plaintiff), which was recorded December 19, 1856. It was not reinscribed until the second August, 1867.

On the twentieth June, 1866, Mrs. Baskerville executed another act of mortgage on the same property in favor of Gordon & Castillo, which was recorded on the twenty-seventh June, 1866, and in which she

bound herself to obtain thereto the authorization of her husband.  On the twelfth day of July, 1866, the husband, by public act, gave the promised authorization, which act was recorded on the same day.

On the third November, 1866, Mrs. Knight, administratrix, obtained judgment on her mortgage debt, and recorded the same on the twenty-eighth November, 1866.  Under this judgment she caused the property to be sold and bought it in, retaining the purchase price in part satis faction of her writ.

In October, 1869, the Union Bank, being the holder of three of the notes given to Gordon & Castillo, secured by the mortgage of twentieth June, 1866 (which contained the pact of non-alienation), took out executory process to collect the same, which the plaintiff, Mrs. Knight, administratrix, by this action enjoined.  The court a qua, after trial, dissolved the injunction, and the plaintiff has appealed.

*First*—The appellant contends in this court that upon the application for order of seizure and sale the Gordon & Castillo mortgage was not shown to have been recorded in such way as to authorize executory process.  This point was not made by the pleadings in the court below, and we see no reason to reinstate an injunction on such a ground, when by authentic evidence introduced on the trial without objection, it appears that the mortgage was duly recorded at the date above given, long before the executory process was issued.  The familiar rule that an injunction will not be dissolved when it appears that another ought forthwith to issue upon the facts that appear, does not here apply.

*Second*—The appellant contends that the act of twelfth July, 1866, by which the husband gave his promised authorization to the Gordon & Castillo mortgage, was null and void for want of compliance with the formalities prescribed by article 2272, C. C., in regard to acts of confirmation and ratification.  If we concede that the plaintiff can raise this question, and raise it here for the first time, and that the act of the husband is confirmatory and recognitive, and not original in its character, yet an examination of the document fully satisfies us that it fulfills the requirements of the art. 2272 [2252].  It recites the act of mortgage of June 20 in terms which leave no doubt; it contains its substance; mentions the object to be attained, to wit, the authorization of the husband, and the intention of supplying this defect; the defect is supplied; and then the wife, joining in the execution of the paper, confirms and ratifies.  The object of the rules of the Code, that a party shall not be held to ratify an invalid act, unless it appears that he knew with precision what act he was ratifying, and was aware of the defect he was waiving, and deliberately agreed to waive it, was fully satisfied.

*Third*—It is contended by the appellant that the Gordon & Castillo mortgage is null and void because not executed with the formalities

prescribed by the statute of 1855, No. 200, p. 254. It will be noticed that the wife makes no complaint. But if we concede that the question may be raised by the plaintiff, we are still of opinion that it is settled adversely to her views. In Rice v. Alexander, 15 An. 94, the subject was fully discussed, and it was decided that this statute did not repeal the rules of the Civil Code under which a wife, with the authorization of her husband, may mortgage her separate property for a debt which, as in this case, really inures to her separate benefit. This decision was followed in City National Bank v Barrow, 21 An. 398; and the effect of the statutory proceeding is again noticed in Miller v. Wisner, 22 An. 457. We see no reason to depart from this line of authority.

*Fourth*—It is urged by appellant that the evidence of Baskerville, the husband, which was received without objection, to prove that the advances made by Gordon & Castillo inured to the separate and sole advantage of his wife, is liable to the charge of interest and partiality, and does not suffice to establish the facts to which he testified. We do not perceive the force of this proposition. No attempt was made to contradict or impeach him. The judge *a quo*, who saw and heard him, appears to have considered him worthy of belief, and he had no interest in this controversy.

Judgment affirmed.