No. 11,147
*Orleans*

---

## INTERNATIONAL ACCOUNTANTS SOCIETY v. SANTANA

(February 20, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Minors—Par. 11.**
Ratification of a contract executed during minority must be made with the full knowledge of the disability, and must clearly evince an intention to abandon all legal right to question the validity of the contract upon that ground.

2. **Louisiana Digest—Minors—Par. 5, 11.**
The mere payment of three small installments upon a promissory note after majority is not of itself sufficient to constitute ratification.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by International Accountants Society against Lawrence C. Santana.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellee.

Deutsch & Kerrigan, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit on a promissory note executed by a young man, now at the age of majority, during his minority. Ratification of the obviously invalid contract is claimed upon the basis of three payments of five dollars each made after majority. No evidence of intent to ratify has been offered nor is there anything to suggest that defendant knew when making the payments that the note he had given was of no legal value. On the contrary, defendant testified that he had no intention to ratify and no knowledge of the invalidity of the note. He had no sooner executed the note, which was given for certain lessons in accountancy to be sent him by mail, than he regretted it and tried to back out. He was held to his bargain and importuned for payments which, at long intervals, and with great difficulty, and in small amounts, were obtained. It is these payments which it is claimed amount to ratification.

The law, as we understand it, is opposed to this contention. We extract the following authorities from counsel's brief which seem very clearly to establish the contrary:

"The ratification of a contract can only be adduced from facts, when those facts evince clearly and absolutely the intention to ratify.

"The validity of any ratification—express or tacit—can legally rest but upon a previous and full knowledge of the contents of the unauthorized or defective acts to which the ratification is to impart a posthumus and retroactive validity."

Hamilton vs. Hodges, 30 La. Ann. 1290 or 1294.

"Ratification and confirmation must be accompanied with full knowledge of the defect waived, and a clear intention and agreement to waive it under the Code."

Knight vs. Mentz, 23 La. Ann. 538.

"Ratification will not be readily inferred, especially when there is good reason for holding that the contrary was the intention."

Bryant vs. Levy, 52 La. Ann. 1649 at 1664, 28 South. 191.

"Parties are not held to have ratified proceedings which are null, when they act in ignorance of such nullities, and do not announce their intention of curing them."

Doucet vs. Fenelon, 120 La. 18, 44 South. 908.

"An act of ratification must contain an expressed intention of supplying the defect on which it is founded."

State vs. N. O. Land Co., 143 La. 858, 79 South. 515.

"To execute a voluntary ratification, under C. C. Art. 2272, the act must be executed with the intention to confirm and ratify, and must evince such intention clearly and unequivocally."

Otis vs. Texas Co., 153 La. 384, 96 South. 1.

"An act of confirmation must be of such a clear and unequivocal character as to establish a clear intention to confirm the contract after knowledge that it is voidable.

"Where an infant subscribing for a scholarship in a course of correspondence instruction in a correspondence school made a partial payment of the price after attaining full age and thereafter returned the property lent him by the school under the contract, and he did not derive any benefit from the contract after he came of age, or retain any benefit previously derived therefrom which could be returned, there was no ratification by him after attaining full age."

International Text Book Co. vs. Connelly, 99 N. E. 922; 206 N. Y. 188, 42 L. R. A. (N. S.) 1115, affirming Jdgt. (1910) 125 N. Y. E. 1125; App. Div. 939.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's demand.