No. 826.

LOUISA ADELINE NEILSON *v.* WILLIAM H. NEILSON.

The defense that the note sued on was given in settlement of the claim of the plaintiff against defendant as tutor, when no account had been rendered by defendant to the court, can not be sustained.

The provision of the Code, which requires a tutor to render an account ten days previous to entering into any agreements with his ward, is intended for the protection of the ward, and he alone can take advantage of its disregard.

The tutor can not take advantage of his failure to comply with the law.

The allegation that the note was given for two slaves purchased at the tutor's sale of the minor's property, can not be listened to in a court of justice. The tutor can not, in his own defense, be permitted to urge his own dereliction of duty and violation of the laws of his country. Besides, it is in evidence that the price of the slaves was not the consideration of the note sued on.

The execution of the note for the amount ascertained to be due by the tutor did not change the character of the debt. It fixed the amount due and the period when it should be exigible, but it did not extinguish the legal mortgage which the law gave to secure the rights of the ward. Novation is never presumed.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Adolphe Bailey,* acting judge. *Moore & Morgan,* for plaintiff and appellee. *Lewis & Bro.,* for defendant and appellant.

LUDELING, C. J.    This suit is based upon a promissory note for $2540 70, with eight per cent. interest from the fourteenth of December, 1863, secured by a legal mortgage.

The defense is, that the note was given in settlement of the claim of the plaintiff against defendant as tutor, when no account had been rendered by defendant to the court; that the note was given for slaves; that the mortgage had been extinguished by novation.

Louisa Adeline Neilson v. Neilson.

We will pass over the apparent contradiction of the defenses, and consider them separately.

*First*—The provision of the Code, which requires a tutor to render an account ten days previous to entering into any agreements with his ward, is intended for the protection of the ward, and he alone can take advantage of its disregard. C. C., art. 355. So that even if the execution of the note sued on, given for the balance due by him as shown by his account rendered to the ward, could be considered as coming within the terms of the article of the Civil Code, still the tutor could not take advantage of his failure to comply with the law.

*Second*—It is alleged that the tutor purchased the slaves at the tutor's sale of the minor's property. He can not be listened to, in a court of justice, when urging his own dereliction of duty and violation of the laws of his country. Besides, the proces verbal shows that James Dickey was the purchaser of the slaves, and the settlement between the tutor and the ward shows that defendant acknowledged he had received the price of the property sold. Whether the price of the slaves was paid by Dickey or himself, is immaterial to the plaintiff. Under either hypothesis, the price of the slaves was not the consideration of the note sued on.

*Third*—No agreement to novate the debt, due by the tutor, has been proved. The execution of the note for the amount ascertained to be due by him did not change the character of the debt; it fixed the amount due and the period when it should be exigible, but did not extinguish the legal mortgage, which the law gave to secure the rights of the ward. Novation is never presumed. C. C. 2190.

It is therefore ordered and adjudged that the judgment of the court *a qua* be affirmed, with costs of appeal.

Rehearing refused.