The opinion of the court was delivered by
Nicholls, O. J.
Plaintiff claims to be the owner of certain lands in the parish of West Oarroll described in his petition, which are declared to be “ all the lands formerly belonging to the succession of John H. Martin of said parish.” This suit is brought against L. L. Witkowski as being in possession of the same personally and through one Robert Holland as his lessee, the latter being made a *1477 party defendant. Ownership is claimed by plaintiff under an act of sale from Mrs. Lavilla B. Gillmore (wife of John Knox), a granddaughter of John H. Martin.
Coupled with the allegations in aid of plaintiff’s pretensions are others, declaring null and void the title which it was anticipated would be set up by the defendants, and also null and void all the other various titles preceding his own upon which Witkowski would depend.
The titles so referred to were as follows:
Defendant Witkowski by deed January 13, 1892, from James H. Sample.
Sample by deed of 19th February, 1890, from Herman Wilczinski.
Wilczinski by deeds of February 15 and 17, 1887, from Simon Witkowski.
Simon Witkowski by deed of May 3, 1884, from W. W. Bradley, State Tax Collector, which deed was based upon a tax sale under an assessment made against Con. E. Campbell as owner.
Con. E. Campbell by deed of March 26, 1879, from Annie Baldwin.
Annie Baldwin by deed from R. K. Anderson, State Tax Collector, of date September, 15, 1873, which deed was based upon a tax sale, under an assessment- made against the estate of John H. Martin.
Plaintiff assigns twelve different grounds as grounds of. nullity of the tax purchase made by Simon Witkowski on the 3d of May, 1884, and thirteen grounds of nullity of the tax purchase made by Annie Baldwin on September 15, 1873.
Holland answered, denying that he was on the property sued for and praying to be dismissed. Witkowski’s first appearance was through an exception to the action by reason of the want of proper parties; he urged that the suit was improperly brought, inasmuch as the plaintiff was seeking to annul several successive sales of the property sued for, without making any of the parties to the said sales parties to the action; that he was seeking to annul the tax sale made on the 15th of September, 1873, by Anderson, tax collector, to Annie Baldwin, upon the nullity of which the whole case rests, without making Annie Baldwin a party, or affording her any opportunity to defend said sale.
The exception having been overruled, the defendant answered, pleading:
*1478 1. A general denial.
2. -A special denial that Mrs. Lavilla Knox is the only surviving heir, of John H. Martin.
3. That the succession of John H. Martin was duly opened in Carroll parish in the year 1862 by the death of said Martin, and that on the 12th June, 1862, his widow, Mrs. Mary E. Martin, duly qualified-in Carroll parish as the executrix of the last will and testament, and therefore the property herein claimed was properly assessed to the estate of John H. Martin. That the property in dispute was legally and properly sold for taxes . on the 15th day of September, 1873, when Annie Baldwin purchased the same in good faith for five hundred and -eighteen- dollars and thirteen cents cash, and after the legal delays for the redemption had expired said Baldwin applied for and obtained from the Auditor of State a confirmatory deed in accordance with Sec. 6 of Act No. 47 of 1873, dated June 4, 1874*; that Simon Witkowski, on the 1st day of June, 1886, purchased the lands in dispute at tax sale; that said property was then sold as the property of C. E. Campbell, to whom said Baldwin had transferred same; that said property was sold for the taxes of 1885 and was bought in good fa th by Simon Witkowski for-the sum of ninety-one dollars -and twenty-five cents in cash; that all of said transfers were made in good faith and for a valuable, consideration, and that defendant and his author have held possession and paid taxes on. said land to this date, and that it is legally and justly his property; that he pleads the prescription of three years against the- action of the plaintiff to invalidate either of the above tax sales; also the prescription of five years against any and all informalities connected with or growing out of either of the above tax sales; also the prescription of ten years acquirendi causa; also the prescription of ten years against the right of Mrs. Knox or her vendee, Douglas H-Mays, to recover real estate derived by her by inheritance. That if evicted from the lands sued for, law, justice and equity require that plaintiff should pay respondent all the taxes paid upon said property by him and his author, amounting, in the aggregate to twenty-five hundred dollars. He prayed for the rejection of plaintiff’s demand, but in the event of his eviction for judgment in reconvention against plaintiff for the sum of twenty-five hundred dollars.
The case having been submitted to the court after evidence adduced and argument heard, judgment was rendered sustaining de *1479 fendant’s pleas of prescription and rejecting and dismissing plaintiff’s demand at his costs and he has appealed.
The court’s action in overruling the exception filed was correct and is covered by the cases of Belard & Johnson vs. Gebelin, 46 An. 326; Heirs of Ford vs. Mills & Philips, 46 An. 331; Dauterive vs. Opera House Association, 48 An. 1317 The plaintiff in his pleadings declared that all the transfers of property by which the title of John H. Martin and of his succession and heirs was sought to be divested were absolute nullitie-’, not standing legally in the way of a direct petitory action requiring to be set aside. He had at his risk the right to go to trial on the issues made and tendered by him directly against the present defendant without the necessity of joining o.her persons.