NICHOLLS, J.
In May, 1894, Ermance Doucet, wife of Eli Ledoux, and Marie Dou-cet, wife of Jean B. Simon, joined by their husbands, filed in the district court for Acadia parish a petition in which they alleged:
That their father, Achille Doucet, had died, leaving Mrs. Celima Reed as surviving widow, and the following forced heirs, namely, Adam, Derbusse, Leonce/and Dominique, minors, issue of his marriage with their mother aforenamed, also petitioners.
That their said mother, Celima Reed, as surviving widow in community, was the undivided half owner of the property below described, and petitioners and the four above-named minors were the other undivided one-half owners of said property; said land being situated in Acadia parish, and being N. W. % section 29, township 8 S., range 1 W., containing 161.22 acres. That it was their desire and right to have the above-described property partitioned, as they were unwilling to remain in indivisión with their co-proprietors.
*21 That owing to the situation and conformation of said property the same was not susceptible of division in kind in such a manner as to give each of the aforesaid co-proprietors an equal amount of said property having like value.
That accordingly it was necessary that said property should be sold and the proceeds divided among the co-owners according, to their respective and several interests therein.
That their aforesaid mother was of unsound mind and subject to a habitual state of insanity. That accordingly a curator ad hoe should be appointed to assist their said mother in these proceedings, and a curator ad hoc should likewise be appointed to represent each of the aforesaid minors, who have no regular tutors.
In view of the premises they prayed that a curator ad hoc be appointed to assist their .aforenamed mother in these proceedings, on whom, as well as upon her, process may be served, and against whom, with her, these proceedings may be carried to final determination ; that a curator ad hoc be likewise named to each of the aforenamed minors for the same purpose; and that said curators be •qualified accordingly.
They prayed for citation to the aforenamed Mrs. Celima Reed and upon her curator, as also to the aforenamed minors, and for judgment decreeing the aforesaid property to be insusceptible of division in kind and ordering same to be sold for cash to effect such a partition.
That Elridge W. Lyons, sheriff of parish of Acadia, be appointed receiver to make the aforesaid partition and to distribute the proceeds ratably among the aforenamed eo-pro-prietors, and after paying the expenses of the sale, and reserving their right to have convoked a family meeting on behalf of afore-named minors to fix and determine the terms ■of sale of said property in so far as said minors were concerned.
They prayed for all other necessary orders and decrees in the premises, and for costs, and for general relief.
The district judge acted upon' this petition on the 16th of May, 1894. He ordered that William Reed, uncle of the aforenamed minors, be appointed curator ad hoe to represent each of them in the proceedings, and further ordered that Rudolph Reed, brother of the aforenamed Mrs. Celima Reed, be appointed curator ad hoe to her, to assist her in defending this suit. He further ordered that process issue against said minors and said Mrs. Celima Reed, and be served on their aforenamed curators ad hoc and on said Mrs. C. Reed, who were thereby authorized to represent them and assist said Mrs. Reed in these proceedings.
The parties named as curators ad hoc took an oath as such; the curator of the said minors taking a separate oath as curator of each of the minors.
On the 25th of June, 1904, the district court rendered the following judgment:
“This is a suit by the plaintiffs, as heirs of Achille Doucet, decedent, for the partition of the following described property, situated in Acadia parish, to wit:
“Northwest quarter of section 29, township 8 south, range 1 west, containing 161.22 acres, bought by the deceased during his marriage with Celima Reed, his surviving widow, and therefore belonging in indivisión between her and the heirs of the deceased named in the petition.
“The evidence discloses that the land is insusceptible of indivisión in kind, so as to give each co-proprietor an equal quantity of land of like character or value, and the petition discloses that most of the co-owners desire a partition of said property. This justifies a decree of partition as demanded for cash, the interest of the minors to be sold on such terms as may be advised by a family meeting of said minors.
“For these reasons, and because the law and the evidence are in favor of the demands for said partition by sale of the property afore-described, it is now ordered, adjudged, and decreed that said property be, and it is hereby, ordered to be insusceptible of partition in kind, and it is now ordered to be sold at public auction for cash, after due advertisement, in so far as the major heirs are concerned, and the interest of the minors of deceased is hereby ordered to be sold on such terms as may be fixed by a family meeting of said minors, composed of the following nearest relatives of said *23 miriors, viz.: Rudolph Reed, Wm. Reed, Dupre-lon Doucet, Melon Doucet, Narcisse Doucet— •which is hereby ordered to be convoked and held before Gustave E. Fontenot, notary public, of above parish, to decide on the terms of sale of said property in so far as said minors are concerned. It is further ordered that E. W. Lyons, sheriff, be and is hereby appointed receiver to make said sale and distribute said proceeds of sale, and the other half to be equally divided between the following surviving heirs of Achille Doucet, decedent, viz.: Ermance Doucet, wife of Eli Le Doux, Marie Doucet, wife of Jean N. Simon, Adam, Derbusse, Leonce, and Dominique, the four last named minors, whose shares of said funds to be paid to their curators ad hoc.”
On the 5th day of July, the clerk of the district court issued an authorization to Gus-tave Fontenot, notary public, to hold the family meeting directed to be convoked by the district court for the purpose of fixing the terms and conditions of sale of the real estate held in indivisión belonging to the estate of Achille Doucet, in so far as the minors named were concerned, and on the same day the family meeting composed as directed was held. It was unanimously recommended by the members that all the property held in indivisión by and between said minors and their co-heirs, said property being described as the N. W. of section 29 in township No. S of range 1 W., and containing 161.23 acres, be sold upon the following terms and conditions,' to wit: For cash to the last and highest bidder at public auction. There was no undertutor present at said meeting, none having been appointed.
On the same day the following petition, addressed to I-Ion. R. T. Clark, clerk of court of Acadia parish, was filed:
“The petition of the undertutor of the minors, Adam, Derbusse, Dominique, and Marie, respectfully represents that a family meeting of said minors was duly held on July 5, 1894, before Gus. E. Fontenot, notary public, of Acadia parish, to wit, and recommended a sale of the minors’ interest in the land sought to be partitioned in suit No. •-, entitled ‘Ermance Doucet et al. v. Mrs. Celima Reed,’ for cash, as fully appears by said proceedings; that said recommendation is for the interest of said minors and should be approved. Wherefore he prays that said recommendation be approved and homolo-gated. At that time no undertutor had been appointed to the minors. None the less the clerk of the court on that petition approved and homologated the proceedings nunc pro tunc.”
On the 11th of August, 1904, the clerk of the district court issued to Elridge W. Lyons, sheriff of the parish of Acadia, the following commission:
“By virtue of a judgment of the Honorable Eleventh Judicial District Court in and for the parish of Acadia, and in pursuance of the recommendations of a family meeting held by Gus. E. Fontenot, notary public, on July 5, 1904, in the interest of the minors Adam, D'r-busse, Leonce, and Dominique, you are hereby authorized and commissioned to sell for cash according to law to the last and highest bidder at the principal front door of the courthouse on Saturday, Aug. 11, 1904, the following described property, situated in the parish of Acadie, to-wit:
“The southwest quarter of section 29, township 8 south, of range 1 west, containing 161.21 acres, for the purpose of effecting a partition thereof among the widow and heirs of Achille Doucet, deceased, and make due return thereof according to law.”
The following procés verbal of sale was filed by the sheriff:
“Be it remembered that on this 11th day of August, 1894, in pursuance to a commission hereto annexed of date August 11, 1894, issued by D. B. Hayes, Dy. clerk of the 11th judicial district court in and for the parish of Acadia, granted under a judgment rendered in suit No. 579 of said court, entitled ‘Ermance Doucet, Wife, et al. v. Celima Reed, Widow, et al.,’ Elridge W. Lyons, sheriff and ex officio auctioneer of above parish, appointed receiver under the judgment aforesaid, proceeded at the front door of the courthouse at. Acadia parish to make said sale as ordered, and the hour of 11 o’clock a. m. having arrived, I proceeded to make said sale by first reading the aforesaid commission, as also the advertisement of said property for sale contained in the Crowley Signal newspaper for 30 full days, and by announcing to the public in attendance the terms and conditions of said sale, to wit, cash, and also had said property duly appraised by two disinterested appraisers chosen by plaintiffs and defendant in said suit, whereupon I proceeded to sell and adjudicate said property to the persons below named, they being the last and highest bidders on said terms.
“(1) The west half of the N. W. quarter of section twenty-nine in township eight south, range one west, containing, eight 01/ioo acres, sold and adjudicated to William W. Duson for the price and sum of seven hundred and fifty dollars. [Signed] W. W. Duson.
“(2) The east half of the aforesaid section, *25 same township and range, sold and adjudicated to Mrs. Celima Reed, widow, through her curator, Rudolph Reed, for the price and sum of three hundred dollars. [Signed] Rudolph Reed.
“Haying sold all of the property described in the aforesaid commission and judgment of partition, I have closed this procés verbal of sale on the aforesaid 11th day of August, 1894, .in presence of Dallas B. Hayes and Gustave E. Eontenof, competent subscribing witnesses, who have signed hereto, together with the purchasers aforesaid on said day and date.
“[Signed] E. W. Lyons,
“Sheriff and Ex Officio Auctioneer.
“Witnesses:
“D. B. Hayes.
“Gus. E. Fontenot.”
The foregoing was recorded on the 29th day of October, 1904, in Conveyance Book.
On the 21st of August, 1894, Ermance Dou-cet, wife of Eli Ledoux, and Marie Doucet, wife of Jean N. Simon, joined by their husbands, addressed a petition to R. T. Clark, clerk of the district court, in which they declared that on the 5th day of July, 1894, there was held before Gus. E. Fontenot, notary public, of said parish, a family meeting of Adam ’Derbusse, Leonce, and Dominique, minors, issue of the marriage of Achille Dou-cet, deceased, with Celima Reed, surviving widow, and recommended a sale of the property sought to be partitioned in above suit, in so far as said minors were concerned, for cash; that at the time of said family meeting said minors had no under tutor; and that an undertutor should be appointed to said minors. They prayed for the appointment of Jean N. Simon as a suitable person for said trust.
The clerk of court on said petition appointed Jean N. Simon undertutor.
The transcript of the proceedings had in the matter of the partition suit does not show any citation upon the curators named nor any citation personally upon Mrs. Celima Reed, the surviving widow, nor any appearance by or on behalf of any of the defendants through pleadings. No minute entries are in the record. The note of evidence copied in the transcript refers to the case as one confirmed on default, but we find nothing to show that a default was ever entered. The clerk certifies that all the evidence offered on the trial of the confirmation of the default was:
(1) Certified copy of act of sale from-• to Achille Doucet, together with certificate of registry.
(2) Oath and appointment of tutors ad hoc and curators ad hoe filed in the record.
(3) Testimony of Jean N. Simon.
(4) Testimony of Melon Doucet.
The testimony of the witnesses is in the transcript. They testified “that Achille Dou-cet was dead; that his wife, Celima Reed, was living; that the heirs were Ermance Doucet and Marie Doucet, majors, and Adam, Derbusse, Leonce, and Dominique, minors ; that they knew the property sought to be partitioned in the suit; that the land was susceptible of division in kind among the heirs, and would have to be sold to effect a partition. Madam Doucet was a woman of weak mind. She had not sufficient intelligence to administer her own affairs.”
If any inventory was ever made of the property of the succession, that fact does not appear. On the 5th of October, 1906, the present suit was filed by Adam Doucet, Leon Doucet, Joseph Doucet, and Dominique Dou-cet, children, issue of the marriage of Achille Doucet and Celima Reed, who were minors at the time of their father’s death and up to and beyond the date of the sales made in the matter of the proceedings referred to.
In their petition they recite those proceedings in detail, including said sales, alleging that they were absolutely null and void; that the same was patent upon the face of the record, for the allegations and reasons stated and in the particulars and for the reasons following, to wit:
“(a) Because there was no undertutor of said minors at the time the so-called family meeting was held, and no undertutor was there present to advise, and no undertutor to sign, the proceedings thereof, or recommend the homologation *27 thereof, and because the proceedings of the said family meeting were' never legally homologated, and in reality there never was a family meeting held according to law, fixing the terms of the sale of the interest of the minors in said property, as decreed and required in the judgment ordering the partition sale.
“(b) Because the appointment of the so-called undertutor was based on a petition which was filed long after the said family meeting was held, and which was addressed to Hon. R. T. Claris, clerk of the district court, and not to the judge .of said district court, as required by law, and because said undertutor was the husband of Marie Doucet, one of the heirs who sued for the partition, and who appears to authorize her to sue, and who should not have been appointed undertutor.
“(c) Because the petition of the undertutor for the homologation of the proceedings of said family meeting was also addressed to the said clerk of court, and not to the judge, as required by law, and because the said clerk undertook without power or authority to homologate said proceedings nunc pro tunc and to date the petition for the homologation and the order granted thereon with the date on which the family meeting was held and the proceedings filed, and to antedate the application for the appointment of the undevtutor and the order making the appointment as aforesaid.
“(d) Because the court had no authority to appoint the sheriff as receiver, with power to distribute the proceeds to be realized from the partition sale, and because the commission to the sheriff to make said sale was issued the same day the sale was effected.
“(e) Because the law did not authorize the appointment of a curator to represent the minors in the partition proceedings before their natural tutrix had been destituted of the tutorship by proper proceedings.
“(f) Because but one and the same curator ad hoc was appointed for the four minors, and not one curator ad hoc for each minor.
“(g) Because there is no act executed showing the distribution of the sale of the proceeds of the sale of the property, or how the said sale proceeds were distributed, and who received the shares of the four minors as shown by the record ; and if such was executed, which is denied, the said four minors, the petitioners herein, were unrepresented thereat — there being no order of court appointing the tutor ad hoc or curator ad hoc to each of the said minors as required by law.
“(h) Because the said pretended partition has never been approved and homologated as required by law.
“(i) That said pretended partition was obtained by default, without legal or sufficient proof showing that the properly sought to be partitioned was indivisible in kind; that the testimony of Jean N. Simon, who was the husband of one of the plaintiffs in said suit, was admitted and considered in violation of a prohibitory law — said testimony being null and void, as also the pretended corroboration of said testimony by the two witnesses.
“CD Because at the time of the institution of the said partition, and long prior thereto, and since, the said Mrs. Celima Reed was notoriously insane, and the said proceedings could not be carried on against her as they were; that the' insanity of Mrs. Celima Reed was well known to the plaintiffs and their husbands in said partition suit, and to \V. W. Duson, the pretended purchaser of said sale, and to all subsequent vendees, and at the instance of which plaintiffs the suit was instituted.”
Petitioners further averred:
“That the partition sales predicated on these proceedings were absolutely null and void, and the purchaser thereat, through her curator, Rudolph Reed, acquired no title or ownership in said land, and that likewise the vendee of said adjudicatees acquired no greater titles than their authors, and that the undivided interests of your petitioners therein were never transferred or conveyed by the pretended adjudications. That since the said partition sale the said W. W. Duson, one of the adjudicatees thereat, by act before Gus. E. Fontenot, notary public, of date October 81, 1894, sold to C. C. Duson the west one-half of the north one-quarter of section twenty-nine in township eight south, of range one west, Louisiana meridian, and containing eighty and sixty-one one-hundredths acres, more or less, and being the same property W. W. Duson pretendedly acquired on August 11, 1904, at said pretended partition sale; that C. C. Duson has purchased from Celima Reed, through her pretended curator, the other adjudicatee at said pretended sale, the east half of the aforesaid section, same township and range; that said vendees acquired no greater title than their authors; that since the said partition sale said land has been subdivided into town lots, upon which most of the town of Iota, Acadia parish, is built; and that Michael Fenelon, a resident of the parish of Acadia, among many others, had' purchased from C. C. Duson, the vendee of W. W. Duson, several blocks and lots of ground, which are- part of said tract of land and described in the sale of C. C. Duson, through his duly authorized agent, W. W. Duson, to Michael Fenelon, of date November 2, 1898, before Gus. E. Fontenot, notary public, as follows, to-wit: The whole of block number four, as per plat of said town of Iota, containing fourteen lots; lots one, two, three, five, six, nine, ten, eleven, and twelve, of block five, in said town of Iota; the whole of block number ten, containing sixteen lots, numbered from one to sixteen, in said town of Iota; also lots two, three, four, five, and six, of block number twelve, in said town of Iota; also lots number nine, ten, eleven, twelve, thirteen, and fourteen, in the said town of Iota, block No. 3, acquired by the defendant, Michaei Fenelon, from M. P. Fenelon, by act of sale before Joseph Flash, notary public, of date April 5, 1900 — all of the aforesaid described property being situated in the town of Iota, Acadia parish, Louisiana, as per plat of said town of Tota, on file in the clerk’s office, Acadia parish, March 18, 1895; said property lying *29 west of the Midland Branch of tlie Louisiana Western Kailway and being a part of the west half of the northwest quarter of section 29, township 8 south, of range 1 west, Louisiana meridian.
“Petitioners aver that W. W.-Duson, the ad-judicatee at said pretended partition sale, has never had any title of ownership to said land as aforesaid, and' could not and did not transfer or convey any title or ownership thereto to his vendee, C. C. Duson, and that the said C. C. Duson likewise had no title, and could not and did not transfer any title, to the defendant, Michael Fenelon; nor did M. F. Fenelon acquire any title or ownership to said property, and therefore could not and did not transfer or convey any title or ownership to the said Michael Fenelon; and that the said Michael Fenelon has therefore no title to said property, blocks, and lots as before described, and is now in illegal possession thereof; that the petitioners are the owners thereof, in the proportion of an undivided one-sixth interest to each petitioner, in the undivided one-half to four-sixths of the undivided interest in the undivided half of lots so purchased; that the value of the property herein sued for is worth more than the sum and price of twenty-five hundred dollars.
“Petitioners aver that your petitioner Adam Doucet is now twenty-seven years of age, Joseph Derbus Doucet is twenty-five years of age, and Leon Doucet is twenty-three years of age, and that your petitioner Dominique Doucet is over eighteen years of age, and had by judgment of the court been duly emancipated and relieved of the disabilities attached to minors, and authorized to perform all acts as if he had attained the full age of twenty-one years, and that they desire and are entitled to recover the ownership and possession of that undivided interest in said lots of ground from Michael Fenelon in the proportion above stated, of which title and ownership they have never been divested.”
In view of the premises:
“Petitioners pray that the said Michael Fene-lon be duly cited to answer this demand, and that, after hearing had, your petitioners have judgment against defendant, decreeing the proceedings leading up to and including the partition sale, and the adjudications or sales, for the reasons alleged and specified in above petition, to be absolutely null and void, and that petitioners have judgment against said defendant, Michael Fenelon, recognizing their ownership each to one-sixth of the undivided half of said lots above described, or four-sixths of the undivided one-half of said lots for your four petitioners; and decreeing them the owners of said undivided interest in the proportion above set forth, and ordering the delivery of possession thereof to your petitioners, with all costs of this suit. Petitioners conclude by praying for all other orders and decrees necessary in the premises, and for general relief.”
— In these exceptions defendant urged that to attack collaterally the judgment of partition; that if it was null, as having been rendered upon insufficient evidence, plaintiff should have sought to set it aside by appeal or direct action of nullity. The court overruled these exceptions.
Defendant answered, pleading the general issue. He admitted being in possession of the property described. He averred that he was the legal owner of the same by valid title, and that his authors held and owned the same by valid title. He averred that the sheriff’s sale which was the basis of their title was regularly ordered by a court of competent jurisdiction, but if any informality or irregularity grew out of same it had been prescribed against under article 3543 of the Civil Code, which he pleaded. He further pleaded, as against the plaintiff Adam Dou-cet, the prescription of five years provided for by article 3542 of the Code. 1-Ie further pleaded that since his purchase of the property he had improved same by placing buildings thereon to the extent of $3,000, and that he had paid taxes on said property approximating $600, and in the event of eviction he was entitled to recover for the same and to hold the property until he was reimbursed. He contingently prayed for judgment accordingly.
The district court rejected plaintiffs’ demand, and dismissed their suit, and they have appealed.
In his reasons for judgment the district judge said:
“Believing as I do that the property brought at the time a very good price; that the proceedings cannot be collaterally attacked.; that no family meeting was necessary, as the property was sold for cash; that the duty of the purchaser ended, when he found the sale was made in compliance with the law and the judgment and had paid the price of the adjudication; that all of the then minors are estopped, save one, by the receipt of the price; that all irregularities are prescribed by five years ; and that this is a speculative suit, liable to upset the title of many innocent purchasers — the demand of the plaintiffs should be rejected. The plaintiffs’ suit is a petitory one, brought on the theory and on the allegation that the proceedings under which their title is said to have *31 been divested are absolute nullities. They had, at their risk, the right to bring a suit of that character. Beland v. Gebelin, 46 La. Ann. 330, 14 South. 843; Heirs of Ford v. Mills & Philips, 46 La. Ann. 337, 14 South. 845; Mays v. Witkowski, 46 La. Ann. 1480, 6 South. 478.”
If the nullities in the sale are absolute nullities as claimed, there was no necessity for a direct action to have been brought to set them aside, nor was there any necessity to make any one a party other than the person in possession of the property. In the Beland Case this court said-.
“There is no doubt as to the legal necessity under certain circumstances of bringing direct actions to annul judicial proceedings and decrees contradictorily with the parties legally interested in maintaining them as conditions precedent to relief asked; but the necessity for such direct action is contingent upon the issues which the plaintiff tenders. In a petitory action brought under ordinary conditions the only parties necessary originally to the action are the plaintiff, claiming ownership of property, and a defendant, in possession of the same. If the defendant deems it to his interest that his vendor, his lessor, or other parties, be brought into the proceedings, it is for him to take stops leading to that end.
“The plaintiff in this case had not cumulated with the petitory action proper actions of nullity against the various proceedings alluded to in the pleadings, and made parties accordingly, for the reason that the theory of his case is that all those proceedings are absolute nullities, needing no judicial action to set them aside; that they are void, not voidable. The allegations of the petition are to that effect.”
Tne same views are expressed in Heirs of Ford v. Mills & Philips, 46 La. Ann. 337, 14 South. 845, and Mays v. Witkowski, 46 La. Ann. 1480, 16 South. 478.
There is no necessity for our passing upon all the grounds; of nullity set up in plaintiffs’ petition. The conclusions which we have reached as to some of them relieve us from disposing of the others.
The matters which have specially arrested our attention are the commission to sell which was directed to the sheriff in these proceedings and the acts of the sheriff before and after he had received the same, up to and including the sale. The property whose sale was prayed for by the two major heirs of Doucet was described in their petition as the “northwest quarter of section twenty-nine, township eight south, range one west.” The district court ordered that property in entirety to be sold at public auction. The commission to the sheriff, however, authorized and directed him to sell the “southwest,” instead of the “northwest,” quarter of section 29, township 8 south, range 1 west. The sheriff offered for sale, and sold, first, the “east half” of the “northwest” quarter of section 29, township 8 south, range 1 west, to W. W. Duson, and, having done so, then the “west half” of the “northwest” quarter of section 29, township 8 south, range 1 west, to the curator of Mrs. Gelima Doucet.
The commission to the sheriff to sell was dated on the 11th of August, 1894, and directed him to sell the property described for cash according to law to the last and highest bidder on the 11th of August, 1894. The sheriff made the sale on that day, and in his pro-cés verbal he declared that he made the sale after having advertised the same for 30 full days.
The advertisement so referred to was made by the sheriff prior to his having any commission to sell in his hands. I-Ie made no advertisement after he received it. When the sheriff did sell, he departed without any authority whatever from the method of sale ordered by the court and the commission. He had no authority to separate the property, which had been declared “not divisible in kind,” into two halves, selling one half to W. W. Duson, and the other half to the curator of the widow. Such action (as declared in Landreaux v. Foley, 13 La. Ann. 116) is not a question of an observance of legal formalities for divesting title of a forced sale, but of a sale of one thing under color of an order to sell another. The syllabus of that case declares that:
“A sheriff’s sale is radically null where the land conveyed by the sheriff does not comui'T' with the order of seiv.””' boundary.”
*33 To the same effect is Danneel v. Klein, 47 La. Ann. 928, 17 South. 466, and Ford’s Heirs v. Mills, 46 La. Ann. 338, 14 South. 845.
In the former of these two cases the court said:
“The sheriff deviated from the terms of the writ which constituted for him his sole and only guide.”
We are of the opinion.that the sales made by the sheriff were absolutely null and void, and the interest of the plaintiff in the property described in the petition remains unaffected by these sales, with fruits and revenues thereon from judicial demand.
We are of opinion that the prescriptions pleaded have no application in the present case.
Defendants contend that, whatever defects there may have been in the sales, they have been cured by the receipt by the plaintiffs of their proportion of the price; that they are estopped by acquiescence and ratification. Plaintiffs urged, on the contrary, that they were ignorant of the nullities in the proceedings when they received the money, and that under article 2272 of the Civil Code they are not estopped, as they did not announce their intention of curing the defects on which the action is based. They rely upon the decisions of this court in Carmena v. Blaney, 16 La. Ann. 245; Copeland v. Mickie, 17 La. 293; McCarty v. Straus, 21 La. Ann. 593; Woolfolk v. Woolfolk, 30 La. Ann. 139; Hamilton v. Hodges, 30 La. Ann. 1290; Breaux v. Sarvoie, 39 La. Ann. 243, 1 South. 614; Rist v. Hartner, 44 L. Ann. 378, 10 South. 760; Succ. of Troxler, 46 La. Ann. 748, 15 South. 153.
We think that plaintiffs’ position on that subject is correct. Defendant claims that he is a purchaser in good faith and that he is entitled to reimbursement for taxes paid by him and improvements placed by him on the property. We are of the opinion that he is a purchaser in good faith and also entitled to reimbursement according to law for taxes paid and for his improvements. The trial court did not pass upon his claims in that respect, and we do not find the record in condition to enable us to do so.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that there be judgment in favor of the plaintiffs and against the defendant recognizing and decreeing the former to be the owners of the interest which they assert in their petition in the property therein described, and entitled to fruits and revenues thereon from judicial demand. It is further ordered and decreed that the defendant was a purchaser in good faith of the property he purchased, and is entitled to reimbursement according to law for the taxes paid by him on said property and for the improvements placed thereon by him. It is further ordered and decreed that this cause be remanded to the district court, and reinstated, for further proceedings according to law; costs of both courts to be paid by the defendant.