(46 South. 616.)

### No. 16,952.

### SALMEN BRICK & LUMBER CO., Limited, v. PETERSON.

(May 25, 1908.)

EVIDENCE—PAROL EVIDENCE—ADMISSIBILITY.

For opening the door to parol evidence to contradict a written act, error or fraud must not simply be alleged, but must be proved, or at any rate the litigant must satisfy the court that he has in his possession the evidence necessary for the purpose and will offer it later on in the course of the trial.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Clay Elliott, Judge.

Action by the Salmen Brick & Lumber Company, Limited, against Jesse Peterson. Judgment for defendant, and plaintiff appeals. Affirmed.

John Quincy Flynn, for appellant. Miller & Morgan, for appellee.

PROVOSTY, J. This is a petitory action. Plaintiff claims title through defendant's vendee of record. Defendant denies, however, that he ever sold his property. He alleges that he agreed to give a mortgage on the property, and that by fraud the act was given the form of a sale, and that he signed it in error, and that he has since then paid the mortgage debt, which was not more than 10 per cent. of the value of the property at the time the mortgage was given, and not more than 5 per cent. of its present value, and defendant further alleges that the plaintiff company bought the property with full knowledge of the fraudulent character of the title it was acquiring.

Whether parol evidence would have been admissible to support this defense is a question which need not be considered, since defendant has not tendered any evidence in substantiation of the alleged fraud or error.

The note of evidence shows as follows: Defendant was sworn, and the question was

put to him whether he had ever sold the land. Objection was made to this question on the ground that the plaintiff was an innocent purchaser from the owner of record, and on the further ground that the act of sale could not be contradicted by parol. This objection the court sustained. Counsel for defendant reserved a bill, and asked that defendant be permitted to answer the question merely for making his answer a part of the bill, and the court granted the request, and defendant thereupon answered: "No; I have not sold it." After this the only evidence sought to be offered by defendant was as to the value of the land. Defendant should have tendered evidence of the fraud and error in question, and of plaintiff's knowledge of it at the time of its acquisition of the property. For all the trial court knew, and for all this court knows, defendant was not possessed of any such evidence; and, of course, in its absence, parol was inadmissible to contradict the written act.

Judgment affirmed.