LAND, J.
The plaintiff, Mrs. Corrie L. Barnes, is the second wife of Hugh A. Barnes, deceased, and her eoplaintiff, Mrs. Mary G. M^illiamson, wife of C. L. Williamson^ is the sole issue of this marriage. Mrs. Barnes claims in this suit an undivided one-half interest in the property described in the petition as -surviving widow in community, and prays for a partition lof the property by licitation, a settlement of her husband’s estate, and an accounting for certain sums alleged to be due her for funeral expenses, taxes, street paving in front of the home place in Minden, La., and for the payment of taxes and certain mortgage debts. The eoplaintiff, Mrs. Mary G. Williamson, seeks to recover one-third of her father’s one-half interest in said community. Plaintiffs allege that the defendants H. H. Barnes and the two surviving children of G. A. Barnes, sons of Hugh A. Barnes by his first wife, own the remainder of their father’s half of the community, i. e., one-sixth interest to H. H. Barnes, and one-sixth interest to be divided between George A. and Hugh P. Barnes, the minor children of G. A. Barnes, deceased.
While petitioners allege that all of the property left by Hugh A. Barnes at his death in the year 1919 belongs to the second community, defendants assert that the' second community accumulated practically no property, and that the property herein claimed by plaintiffs was acquired by Hugh A. Barnes from the estate of his first wife, Mrs. George Murrell Barnes, the mother of the defendant I-I. R. Barnes, and the grandmother of the minors, George Alma and Hugh P. Barnes, by means of simulated sales from H. H. Barnes, and G. A. Barnes, deceased, the sons of the first marriage.
Defendants deny any* indebtedness to petitioners. They aver that the use of the premises herein sought to be partitioned and the rental from same, and that other amounts received from the estate of the late Hugh A. Barnes, have more than offset and paid any sums claimed by plaintiffs.
Defendants reconvene and pray for judgment decreeing the sales from H. H. Barnes and G. A. Barnes to their father, Hugh A. Barnes, nudum pactum, null, and void, and recognizing them as the owners and restoring to them the property in dispute, and, in the event said property cannot be restored in kind, defendants pray that they have judgment against the second community for the full value of same.
Plaintiffs have filed a ,plea of estoppel against defendants by deeds and settlements made by them, and by their long acquiescence in same, and have pleaded the prescription of 1, 3, 4, 5,10, and 20 years in bar of all of the demands of defendants.
The judgment of the lower court rejected all of plaintiffs’ moneyed demands and dismissed, as of nonsuit, the demand for a partition. The reconventional demand of defendants to be decreed the owners of the property was dismissed as of nonsuit, and the rights of plaintiffs and of defendants to institute de novo proper proceedings for a partition and for ownership of the property were reserved; plaintiffs being condemned to pay all costs.
Plaintiffs have appealed from this judgment, and defendants have answered this appeal, and pray for an amendment of the judgment of the lower court so as to make the same conform to the original reconventional demand set up in their answer, and they ask that said judgment, as amended be affirmed.
In support of the attack made by defendants on the sales from H. H. Barnes and G. A. Barnes to their father, of the property in litigation, parol testimony was offered on the trial to prove simulation, and was objected to as inadmissible; the objection being overruled.
*986 Defendants have alleged in their answer neither fraud nor error in the execution of these acts of sale, and have failed to produce any counter letter to establish their alleged simulated character.
 While it is true that under article 2239 of the Revised Civil Code, as amended by Act 5 of 1884, forced heirs have the right to annul by parol evidence the simulated contracts of those from whom they inherit, yet the case here presented does not fall within the purview of said article, as the defendants as forced heirs are attacking as simulated their own contracts of sale to their father, and not contracts alleged to be simulated and to have been made by him with a coheir or third person, to their prejudice.
Defendants, being parties to these contracts of sale, fall within the general rule that, in the absence of allegation and proof of fraud or error, title to real estate cannot be divested as simulated, except upon the production of a counter letter, or upon the basis of answers to interrogatories propounded to the apparent owner. Maskrey v. Johnson et al., 122 La. 791, 48 South. 266; Salmen Brick & Lumber Co. v. Peterson, 121 La. 528, 46 South. 616; R. C. C. arts. 2239, 2275, 2276;
The mere fact that the deed from G. A. Barnes to his father, H. A. Barnes, of 40 acres of land in Webster parish, recites no consideration, does not render the contract of sale necessarily void. The court will infer that the price or its equivalent was paid. The act of sale was duly proven and recorded. It is of date February 22, 1902, and the answer of defendants claiming this property was not filed until April 15, 1922. R. C. C. art. 1894; Pack v. Chapman, 16 La. Ann. 367: Helluin v. Minor, 12 La. Ann. 124.
In the case of Read v. Hewitt, 120 La. 290, 291, 45 South. 143, 144, where the consideration of an executed sale was not expressed, we said:
“The transfer from Lyles to Dunn is an executed contract of more than 20 years’ standing. The vendor' is not permitted to question the sale he has made, and no third person can assail the same, without alleging and proving simulation or fraud to his prejudice.” Wolf v. Wolf, 12 La. Ann. 529.
G. A. Barnes executed the deed in question, and the defendant H. H. Barnes was a witness to said deed, and it was upon his affidavit that the execution of this sale was duly proven.
In order to defeat the various pleas of prescription tendered by plaintiffs in this case, defendants have also attacked as absolute nullities the sale in question, and the sale from G. A. Barnes and H. H. Barnes to H. A. Barnes of lots 7, 8, and 13 in the town of Mánden, La., and known as the “home place.” The latter sale was executed June 17, 1901, its execution was duly proven on said day, and the act of sale was duly recorded. The consideration of this sale is recited in the deed as $1,200 cash. Tr. 29, 30.
The ground of this attack is that these sales were made by G. A. Barnes and H. H. Barnes to H. A. Barnes, their father, and natural tutor, before the lapse of 10 days from the rendition of his accounts and the delivery of vouchers to them, in violation of the provisions of article 361 of the Revised Civil Code.
The date of the receipt and acquittance in full given by G. A. Barnes and H. H. Barnes to their father and. natural tutor is June 17, 1901. Tr. 17, 18. The date of the sale, however, from G. A. Barnes to H. A. Barnes of the 40 acres in Webster parish is February 22, 1902. Tr. 14, 15, 31.
The attack of defendants oh this ground is therefore restricted to the act of sale of date June 17, 1901, conveying to H. A. Barnes lots 7, 8, and 13 in the town of Minden, La.
Article 361 of the Revised -Civil Code pro vides that—
“Every agreement which may take place between the tutor and the minor arrived at the age of majority, shall be null and void, unleso the same was entered into after the rendering *988 of a full account and delivery of the vouchers, the whole being made to appear by the receipt of the person to whom the account was rendered, ten days previous to the agreement.”
This court has repeatedly held that the nullity of a receipt in full and discharge given to a tutor resulting from its not having been preceded by the rendering of a full account and the delivery of vouchers by the tutor 10 days previously, as required by article 361 of the Revised Oivil Code, is a relative and not an absolute nullity; and that the act must have its effect, even between the parties, until annulled by a direct action. Haydel v. Roussel, Exec., 1 La. Ann. 35; Collins v. Collins’ Adm’r, 10 La. 264; Foutelet et al. v. Murrell, 9 La. 305, 306.
Absolute nullities are of two kinds: Those resulting from stipulations derogating from the force of laws made for the preservation of public order or good morals, and those established for the interest of individuals. The former are not susceptible of ratification, and the prescription of five years, under article 3542 of the Civil Code, is inapplicable to them. But in relation to absolute nullities established in the interest of individuals, the rule is, as to onerous contracts, without exception, that the party in whose favor they are established may ratify the contracts, either expressly or impliedly.
In all cases of executed contracts susceptible of tacit ratification, a presumption of ratification juris et de jure results from silence and inaction during the time fixed for prescription. Vaughan et al. v. Christine et al., 3 La. Ann. 328; Brownson v. Weeks, 47 La. Ann. 1042, 1051-1053, 17 South. 489; Cox v. Lea’s Heirs, 110 La. 1036, 35 South. 275; Ackerman v. Larner, 116 La. 117, 11S, 40 South. 581; Doucet v. Fenelon, 120 La. 44, 45, 46, 44 South. 908; Mendelsohn, Wife, v. Armstrong, 52 La. Ann. 1304, 27 South. 735.
As an illustration of the class of absolute nullities established in the interest of individuals, Toullier cites the sale of the immovables of the minor by the tutor:
“La vente sans formalités, faite par le tuteu'r des immeubles de son pupille, est absolumenp nulle.” Volume 8, No. 508, Paris Ed.
Xet the minor after he becomes of age may ratify such sale, not only éxpressly but tacitly:
“En un mot, nous ne connaissons point de nullité fondée sur l’intérest privé qui ne ^uisse étre réparée par la ratification expresse ou tacite.” 8 Toullier, Nos. 515, 518; 7 Toullier, Nos. 552, 559; R. C. C. arts. 1785, 1786.
We have held that article 361 of the Revised Civil Code was enacted for the protection of minors. The nullities arising, therefore, from the contravention of said article, although technically termed “absolute nullities,” are established in the interest of individuals, and, under the settled jurisprudence of the state, may be ratified, and are presumed by law to have been ratified, after the lapse of the prescriptive period for the rescission of such agreements. Succession of Croizet, 12 La. Ann. 403; Neilson v. Neilson, 25 La. Ann. 528.
The sale of the home lots in Minden to H. A. Barnes by his sons was made more than 20 years ago. The vendors had arrived at the age of majority at the date of this sale, and their father and his second wife have been in the peaceable and continuous possession of this property for a number of years. We are therefore dealing in this case with an executed contract of sale, where the vendee has enjoyed the actual use and possession of the property conveyed for many years, and the vendors have remained silent and inactive beyond the period of prescription for an action of nullity or rescission. The presumption of ratification in such a case is juris et de jure, as was held in Vaughan v. Christine, and other cases, cited supra.
The prescription of 5 years under article 3542, and the prescription of 10 years under article 2221, of the Revised Civil Code, are *990 pleaded in bar of defendants’ reconventional demand to be recognized as owners of the property embraced in these sales to H. A. Barnes.
Article 3542 declares that actions for the nullity or rescission of contracts, testaments, or other acts are prescribed by five years. The fourth paragraph of said article provides that “this prescription only commences against minors after their majority.”
The testimony of H. H. Barnes shows that he was over 21 years of age, and that his brother, G. A. Barnes, was over 22 years of age, at the date of the signing by them of the act of sale of lots 7, 8, and 13 in the town of Minden on June 17, 1901. On the same day they also executed an acquittance and discharge in full to H. A. Barnes, theifi father and natural tutor. Tr. 109, 108, 17, 18.
It is clear, therefore, that being majors on June 17, 1901, the prescription of five years commenced to run against .any action of nullity or rescission which they might thereafter bring to set aside said sale, as made contrary to the provisions of article 361 of the Civil Code. Doucet v. Fenelon, 120 La. 44, 45, 46, 44 South. 908; Brownson v. Weeks, 47 La. Ann. 1051-1053, 17 South. 489.
G. A. Barnes died in February, 1909, and H. H. Barnes is still alive, and resides in Minden, La., where the property in dispute is situated.
The action of nullity or rescission brought in reconvention by defendants became prescribed June 17, 1906, or nearly three years before the death of G. A. Barnes. The plea of prescription of five years is therefore sustained.
Mrs. Corrie L. Barnes was married to Hugh A. Barnes in the year 1888. He died in the year 1919. The sales herein attacked were made to him in 1901 and 1902 during his second marriage. The property included in these two sales, therefore, belongs to the second community.
Mrs. Corrie L. Barnes, as surviving widow in community, is entitled to an undivided one-half interest in this property; her daughter, Mrs. Mary G. Williamson, to one-third of one-half, or one-sixth; the defendant H. I-I. Barnes, son of the first marriage, to one-third of one-half, or one-sixth; and George Alma and Hugh P. Barnes, the two surviving children of G. A. Barnes, son of the first marriage, to his share of one-third of one-half, or one-sixth, to be divided equally between them.
There seems to be no certainty as to the ownership of the 30 acres of land in Merkel, Tex. There is no deed to this land in the record, in the name of Hugh A. Barnes. We find, however, in the transcript a deed from Hugh A. Barnes to G. A. Barnes and H. H. Barnes of date June 17, 1901, conveying to them jointly lots 7 to 12 in block 12 and lots 10 and 18 in block 21 of the town of Merkel.
Whether this 30-acre tract of land was acquired by Hugh A. Barnes during the second community does not appear from the record. Mrs. Corrie L. Barnes paid the taxes on this property for the first two years, and she testifies that subsequently Mrs. Prudhomme, formerly Mrs. Emmie Barnes, wife of G. A. Barnes, deceased, paid the taxes one year, and that H. H. Barnes paid the taxes another year.
Plaintiffs’ demand that this particular tract of land be recognized as belonging to the second community is therefore dismissed as o'f nonsuit.
Hugh A. Barnes died intestate in 1919. As Mary G. Barnes was born of the union between Hugh A. Barnes and Mrs. Corrie L. Barnes, his second wife, Mrs. Barnes, as the surviving widow, holds the usufruct of the share of her deceased husband in all property belonging to the second community. R. C. C. art. 916.
Mrs. Barnes’ account aggregates $1,155.48, and there are no funds on hand to pay same. *992 She alleges in her petition that there are some other debts still due and unpaid, and prays that an inventory of the property be taken. There has been no administration of the estate of her husband. An administration and sale of the property is necessary to pay these debts, and to determine the conflicting claims between the parties. The residuum can then be apportioned between the surviving widow in community and the heirs, in accordance with their respective interests.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed. It is now ordered that there be judgment decreeing the property included in the sale of H. H. and G. A. Barnes to H. A. Barnes of date June 17, 1901, and in the sale of G. A. Barnes to H. A..Barnes of date February 22,1902, to belong to the second community of acquéts and gains formerly existing between Mrs. Corrie L. Barnes and the late H. A. Barnes, and recognizing Mrs. Corrie L. Barnes as surviving widow in community, and as owner of an undivided one-half interest in said property; also recognizing Mrs. Mary G. Williamson, wife of C. L. Williamson, as owner of one-third of one-half of said property; H. 'H. Barnes as owner of one-third of one-half of said property; and George Alma and Hugh P. Barnes, surviving children of A. G. Barnes, deceased, as the owners, imequal portions, of one-third of one-half of said property. It is further ordered that the reconventional demand of defendants to be recognized as th'e sole owners of said property be 'rejected and dismissed. It is further ordered that the demand of plaintiffs to have the 30-acre tract in Merkel, Tex., recbgnized as belonging to the second community of acquéts and gains be dismissed as of nonsuit, and that defendants pay all costs. It is further ordered that all other claims of plaintiff Mrs. Corrie L. Barnes be referred to the administration of the separate estate of her husband.
Rehearing refused by Division A, composed of O’NIELL, C. X, and ROGERS and BRU-NOT, JX