13 So.2d 782

**WHITNEY NAT. BANK OF NEW OR-
LEANS v. SCHWOB.**

**BOSWORTH v. SAME.**
Nos. 36871 and 36877.

April 12, 1943.

Rehearing Denied May 17, 1943.

Weiss & Weiss, of New Orleans, for appellant William P. Bosworth.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee Whitney Bank.

FOURNET, Justice.

William P. Bosworth instituted proceedings against his mother to have declared null and set aside his sale to her,

executed under authentic act of November 13, 1925, of his ⅛th interest in certain community property inherited from his father, on the ground that at the time of the execution of the deed, though emancipated by marriage, he was not sui juris, being only sixteen years of age. He also alleged the act was not in fact and in truth a sale, but an attempt to effect a partition of the property; that the stipulated consideration of $325 therein recited had never in fact been paid him; and that he was induced to sign the document through the fraudulent representation he was merely signing a paper in connection with his father's estate, the true character thereof having only recently been learned by him.

On the same day he intervened in executory proceedings instituted against his mother by the Whitney National Bank of New Orleans, seeking to enjoin the sale of the property being foreclosed in so far as it affected his said ⅛th interest therein, alleging as grounds therefor the nullity of the sale of his interest in the property because of his want of capacity to execute the same.

The Whitney National Bank, averring plaintiff's mother had no intention of defending the suit or resisting plaintiff's purported claims and that it had not been made a party defendant, although it had a real and substantial interest in the outcome of the annulment suit acquired through mortgages executed subsequent to the execution of the deed on the faith of the record, intervened, filing exceptions of no cause and no right of action, and, as an alternative plea, in the event it was held plaintiff did have the right to rescind and have the deed annulled, the liberative prescription of 4, 5, and 10 years. In addition, pleas of estoppel by deed, laches, long silence, and acquiescence were filed, as well as a plea that the plaintiff had expressly and affirmatively recognized and ratified the sale by his joint execution, with his mother, of a deed affecting some of the property covered by the bank's mortgages and his consent that the entire amount paid in consideration therefor be applied toward the liquidation of these mortgages. The same defenses were interposed against plaintiff's intervention in the foreclosure proceedings.

In the annulment proceedings plaintiff secured a judgment against his mother, declaring the act of sale of November 13, 1925, to be null and void and ordering the cancellation and erasure of the inscription thereof from Book 400, Folio 343, in the office of the Orleans Parish Register of Conveyances, subject, however, to the preferential rights of the Whitney National Bank as the mortgage creditor, which rights were recognized and ordered enforced. Plaintiff's intervention in the foreclosure proceedings, whereby he sought to enjoin the sale of the seized property, was dismissed. He has appealed from both of these judgments, the cases being consolidated in this court for argument.

Since the appellant did not testify in his own behalf only offering certain documentary evidence, including the record in the succession of his father, which showed the property belonging to the community had been inventoried at $37,672.77, with

debts of $35,058.51 outstanding, leaving a net equity of $2,614.26, of which amount his share under his ⅛th interest was $326.78, the questions of fraud, lesion, and lack of consideration passed out of the case.

Under the express provisions of the Revised Civil Code, "The emancipated minor can neither alienate, affect or mortgage his immovables without the authority of the judge * * *" (Article 373), his power and authority being confined and limited to the administration of his estate. Article 370. And although a minor is emancipated of right by marriage (Article 379), it is not until he reaches the age of eighteen that such married minor is "relieved from all the disabilities which attach to minors * * * with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years." Article 382, as amended by Act No. 224 of 1908.

This court has differentiated between absolute nullities in derogation of public order and good morals and those which are established in the interest of individuals. The latter nullities are susceptible of ratification, either expressly or impliedly, and may be prescribed against, while the former are never susceptible of ratification and can never be prescribed against. Vaughan v. Christine, 3 La.Ann. 328; Ackerman v. Larner, 116 La. 101, 40 So. 581; Doucet v. Fenelon, 120 La. 18, 44 So. 908; Barnes v. Barnes, 155 La. 981, 99 So. 719; and Succession of Henderson, 195 La. 665, 197 So. 267.

The above provisions of the Revised Civil Code relative to the alienation of immovable property owned by minors were enacted for the sole purpose of safeguarding and protecting them and their actions in contravention thereof have been declared to be susceptible of ratification, either expressly or impliedly, by the prescription of five and ten years under Articles 2221 and 3542 of the Revised Civil Code. Lea v. Myers, 4 Rob. 8; Succession of Croizet, 12 La.Ann. 401; Sewall v. Hebert, 37 La.Ann. 155; Brownson v. Weeks, 47 La.Ann. 1042, 17 So. 489; Doucet v. Fenelon, 120 La. 18, 44 So. 908; and Barnes v. Barnes, 155 La. 981, 99 So. 719, 722. In the Barnes case we said that "In all cases of executed contracts susceptible of tacit ratification, a presumption of ratification juris et de jure results from silence and inaction during the time fixed for prescription." See, also, Vaughan v. Christine, supra; Brownson v. Weeks, supra; Cox v. Lea's Heirs, 110 La. 1030, 35 So. 275; Ackerman v. Larner, 116 La. 101, 40 So. 581; and Doucet v. Fenelon, supra.

[3] It is our opinion, therefore, that the prescription for the nullity or rescission of the act in controversy began to run against the plaintiff when he reached the age of majority. Bosworth was emancipated and relieved of all disabilities attaching to him by reason of his minority when he became 18 years old on February 24, 1927. Article 382. In any event, he became 21 years old on February 1930, and more than five years had elapsed when he sought to annul the act of November 13,

1925. Article 3542 of the Revised Civil Code.

For the reasons assigned, both of the judgments appealed from are affirmed, at appellant's cost.

ODOM, J., absent.