LANDRY, Judge
(dissenting).
As I view the holding of the majority herein it is in effect based on the premise that a community property settlement con-fected between husband and wife subsequent to judicial separation but preceding divorce, and containing a waiver of the wife’s right to alimony, is an absolute rather than a relative nullity rendering such a transaction incapable of ratification after divorce and immune to the curative effect of the ten years prescriptive period provided in LSA-C.C. 2221.
I believe that in so holding my learned colleagues have fallen into error.
There can be no question but that a contract of any nature whatsoever between husband and wife is null and void under LSA-C.C. 1790 except and unless it falls within one of the three categories expressly authorized by LSA-C.C. 2446. Construed together the cited codal provisions in clear and unmistakable terms state that contracts *62 between spouses may take place in only the three specifically enumerated instances listed in Article 2446. The cases in our jurisprudence so holding are legion. It is further conceded that Articles 2446 and 1790 must be read in conjunction with LSA-C.C. Article 12 which states that whatever is done in contravention of a prohibitory law is null and void. I disagree, however, that a contract executed in violation of LSA-C.C. 2446 is an absolute nullity not susceptible of ratification or curing by prescription.
The majority opinion, as I appreciate it is based on the holding in Russo v. Russo, 205 La. 852, 18 So.2d 318, coupled with the principle that public policy prohibits the wife waiving her right to alimony because of the possibility she might become a public charge. The Russo case, supra, relied upon by the majority did not hold a prohibited contract between husband and wife absolutely null and void. Therein the parties entered into an agreement subsequent to separation but prior to divorce in which the wife waived her right to alimony. Upon the husband suing for final divorce the wife sought alimony and the husband pleaded in bar of the claim for support the contract previously executed. The wife plead the nullity of the agreement but the trial court held she was without right to attack the validity of the settlement without first returning the consideration received thereunder. On appeal the Supreme Court held that the trial court should have considered the wife’s claim that the contract was null and void. The court, however, did not hold the contract absolutely null and void because the issues as presented did not call for such resolution.
I find that the recent case of Sheard v. Green, 219 La. 199, 52 So.2d 714, contains dicta to the effect a contract of the nature under consideration herein is an absolute nullity. The language used indicates a contract waiving alimony prior to judicial separation or divorce will be deemed null and void, citing as authority for such principle, Guillot v. Guillot, 141 La. 86, 74 So. 704; Marks v. Loewenberg, 143 La. 196, 78 So. 444 and Russo v. Russo, 205 La. 852, 18 So.2d 318. As herein previously shown, the Russo case, supra, did not specifically hold such a contract an absolute nullity. A careful reading of the Sheard case, supra, discloses that it likewise did not hold a prohibited contract between husband and wife absolutely null. In fact in the Sheard case the court did not even hold the contract null, it merely found that the suit was in substance an attack on the judgment of a sister state when circumstance presented for solution only the jurisdictional requirement of domicile. A careful perusal of the Marks and Guillot cases, supra, relied upon by the Supreme Court in Russo v. Russo, supra, reveals that in neither instance did the court hold the contract between husband and wife absolutely void.
Article 1795 LSA-C.C. provides that contracts made under incapacity may be ratified when the incapacity has been relieved. This must of course refer solely to a relative nullity because manifestly an absolute nullity cannot be cured either by subsequent ratification or prescription.
In the more recent case of Tilton v. Tilton, 162 So.2d 733, the Fourth Circuit Court of Appeal with Judge Barnette, Pro Tem, as the organ of the court gave a comprehensive review of the jurisprudence on the subject at issue herein and in a most scholarly consideration thereof concluded the law of this state to be that such contracts are merely voidable and not absolutely void.
It is settled law that in the interpretation of the articles of our Civil Code which is taken from the Code Napoleon, the courts will consider the effect given similar provisions in the Napoleonic Code. In this regard, I note that Planiol’s interpretation of Article 1595 of the Code Napoleon (the counterpart of our LSA-C.C. Article 2446) the nullity of contracts of the character under consideration herein is deemed relative rather than absolute, as indicated by *63 the following appearing in Planiol Volume 2, Nos. 1438 and 1439:
“1438. Sanction of the Prohibition
The sanction is the nullity of the sale, which, although not expressly established by the text, necessarily results from it * *
1439. Character of the Nullity
It is generally considered that this is simply a relative nullity. It is therefore susceptible of being confirmed after the dissolution of the marriage and it gives rise to an action of nullity which prescribes in ten years (Art. 1304) but this prescription will commence to run only when the marriage is dissolved, because prescription does not run between spouses (Art. 2253). * * *” (Emphasis added; Articles 1304 and 2253 of the Code Napoleon are substantially incorporated in LSA-C.C. Articles 2221 and 3523 respectively.)
The nullity attending contracts executed by minors as decreed in LSA-C.C. Article 1790, (the same statute which decrees the nullity of the contract in question herein), is only a relative nullity inasmuch as LSA-C.C. Article 1875 provides contracts by minors may be ratified when the minor attains the age of majority and such ratification cures all defects therein. I see no valid reason not to apply the same rule to a contract made between husband and wife.
The distinction between absolute and relative nullities was clearly recognized by the Supreme Court in Whitney Nat. Bank of New Orleans v. Schwob, 203 La. 175, 13 So.2d 782, with Fournet, C. J., as the organ of the court, wherein the following was stated in disposing of the contention that a sale made by a minor during minority was an absolute nullity:
“This court has differentiated between absolute nullities in derogation of public order and good morals and those which are established in the interest of individuals. The latter nullities are susceptible of ratification, either expressly or impliedly, and may be prescribed; against, while the former are never susceptible of ratification and can never be prescribed against. Vaughan v. Christine, 3 La.Ann. 328; Ackerman v. Larner, 116 La. 101, 40 So. 581; Doucet v. Fenelon, 120 La. 18, 44 So. 908; Barnes v. Barnes, 155 La. 981, 99 So. 719; and Succession of Henderson, 195 La. 665, 197 So. 267.
The above provisions of the Revised Civil Code relative to the alienation of immovable property owned by minors-were enacted for the sole purpose of safeguarding and protecting them and their actions in contravention thereof have been declared to be susceptible of ratification, either expressly or impliedly, by the prescription of five and ten years under Articles 2221 and 3542 of the Revised Civil Code. Lea v. Myers, 4 Rob. 8; Succession of Croizet, 12 La.Ann. 401; Sewall v. Hebert, 37 La.Ann. 155; Brownson v. Weeks, 47 La.Ann. 1042, 17 So. 489; Doucet v. Fenelon, 120 La. 18, 44 So. 908; and Barnes v. Barnes, 155 La. 981, 99 So. 719, 722. In the Barnes case we said that ‘In all cases of executed' contracts susceptible of tacit ratification, a presumption of ratification juris et de jure results from silence and inaction during the time fixed for prescription.’ See, also, Vaughan v. Christine, supra; Brownson v. Weeks, supra; Cox v. Lea’s Heirs, 110 La. 1030, 35 So. 275; Ackerman v. Larner, 116 La. 101, 40 So. 581; and Doucet v. Fenelon, supra.
It is our opinion, therefore, that the prescription for the nullity or rescission of the act in controversy began to run against the plaintiff when he reached the age of majority.”
In my humble judgment the nullity which the law attaches to the contract between husband and wife is in the interest of the wife alone and not in the interest of public order or good morals. The cases dealing with the wife’s right to waive alimony have indicated such an agreement may be ratified following divorce. This I believe to be con *64 sistent with the French view as explained in Planiol, supra. Being merely voidable instead of totally or absolutely void, the agreement in question was susceptible to the curative effect of the ten year prescriptive period set forth in LSA-C.C. Article 2221.
The record in the case at bar shows plaintiff herein obtained a divorce from her husband in 1944. Applying the French interpretation the ten year prescriptive period for attacking the contract in question expired in 1954, long before the present controversy arose. The defect in plaintiff’s title resulting from the nullity involved was cured by prescription and may no longer be urged by appellee. Consequently, it no longer constitutes a cloud upon her title to subject property.
For the foregoing reasons, I respectfully dissent.
Rehearing denied; LANDRY, J., dissenting.