## MULFORD *v.* WIMBISH.

Actions to rescind or annul agreements on account of error, fraud, or violence, are prescribed only by ten years; to be calculated, in cases of error or fraud, from the day on which either was discovered, and, in cases of violence, from the day on which the violence ceased. C. C. 2218. Article 3507 of the Code applies only to cases not included in art. 2218.

APPEAL from the District Court of West Feliciana, *Burk*, J.

*Ratliff, Muse* and *Merrick*, for the plaintiff. Prescription commenced to run against plaintiff's action only from the time when the fraud was discovered. C. C. 2218. The burden of showing when the fraud was discovered is on the party pleading prescription. *Gasquet* v. *Johnson*, 2 La. 514. 3 La. 282. 13 La. 461. *Thompson* v. *Lobdell*, 7 Rob. 369. 15 Peters, 554.

*T. G. Morgan*, for the appellant, contended that the action was prescribed under art. 3507 of the Civil Code, more than five years having elapsed since the date of the contracts which plaintiff seeks to annul.

*Paterson*, on the same side.

The judgment of the court was pronounced by

EUSTIS, C. J. This is an action originally instituted by two of the children and heirs of the late *Sarah Brashear Bingaman* against *Wimbish*, in which recourse is sought against him for having fraudulently possessed himself of the whole estate of their mother during her life time; and it is charged that, for the purpose of defrauding them, he retained the same after her death, reported her to have died insolvent, and practised various frauds for the purpose of concealing his doings, &c. There was a verdict for the plaintiff for $3,251 55, with interest from judicial demand; and by the judgment of the court, two acts transferring property, one dated the 13th of July, 1829, and the other the 4th of March, 1834, were avoided and annulled.

The only point which we deem it necessary to notice is, the plea of prescription filed by the defendant. It is contended that the plaintiff's action is barred by the lapse of five years, under art. 3567 of the Code; that the action is based on the frauds alleged to have been perpetrated in certain contracts, and that the prescription invoked applies to them.

We have come to a different conclusion, and consider the prescription applicable to cases of this kind is that provided by article 2218. This article relates to the action of nullity or of recision of agreements, and provides that in all cases in which either action is not limited to a shorter period by a particular law, it may be brought within ten years. In cases of error or deception, the time of prescription only commences from the day on which either was discovered; in cases of violence, from the day on which the violence has ceased.

The prescription established by this article relates to cases of error, fraud, or violence in agreements, which are expressly included in it. If article 3507 embraced the same class of cases there would be two terms of prescription, applicable to them by the same legislation, in the same Code. and one of these articles must be to that extent held to be inoperative, as they would be inconsistent with each other.

But we do not give such an interpretation to article 3507. We consider it applicable only to cases other than those provided for by article 2218, and thus give effect to both articles. It will be observed that such appears to be the

MULFORD
v.
WIMBISH.

evident sense of article 2218, which pre-supposes other provisions concerning the prescription against the action of nullity and of recision of agreements than that which it establishes. Article 3507 contains other important provisions, which we do not deem it material to the question under consideration to examine.

The conclusion to which we have come, as to the prescription in cases of fraud, is in harmony with the most obvious reasons of justice and sound policy. To enable a party who is in fraud to prescribe against the injured party for the time in which he may be enabled to keep him in the dark as to his rights, is to give a license to deception, and enable the wrong doer to triumph by the continuance of his evil deeds.

On the merits, we think the case is with the plaintiff.

Judgment affirmed.