Brady, J.
The defendants were sureties upon an undertaking given on behalf of one Alexander D. Findlay, who was arrested in an action brought against him, and which proceeded duly to judgment. This action was in due time and upon all necessary facts to establish the defendants’ liability commenced, and after much delay an answer was served which upon application duly made, was declared to be sham and frivolous, was' stricken out and judgment ordered for the plaintiff. The defense set up was as follows :
Third. For a defense in this action the defendants allege, *10 upon information and belief, that after the recovery of the judgment mentioned in the fifth paragraph of said complaint, and before the issuing of the execution against the person of the said Alexander D. Findlay, the attorneys for the plaintiff in the action in which said judgment was recovered and said undertaking given, did make and enter into a written stipulation to and with the attorney of the said Alexander D Findlay, the defendant in said action and the principal in said undertaking named, wherein and whereby they stipulated and agreed to delay issuing execution against the person of the said Alexander D. Findlay, and to delay the arrest of the said Alexander D. Findlay under such an execution, and did extend the time for making such arrest and the time of issuing such an execution, and that by reason thereof, these defendants became and were released and discharged from all liability, obligation and indebtedness arising from their execution of said undertaking. And this rested upon the following communication, which is the only stipulation made, and is the one relied upon on the answer:
Law Office of
Sutherland Tenney, 11 Pine Street.
New York, December 26, 1885.
To Messrs. PecJcham & Tyler, 111 Broadway, New York:
Gentlemen—Your favor of the 24th is received. I shall be vere glad to adjourn the motion as you request.
I assume, of course, that no movement will be made to arrest defendant or to sue his bondsmen pending the adjournment. If you will prepare a stipulation to this effect I will sign it; I would suggest Tuesday, January 5th, as the adjourned day. Yours very respectfully,
(Signed) SUTHERLAND TENNEY.
Motion is adjourned on above conditions to January 5, 1886, same hour and place.
(Signed) PEOEHAM & TYLER.
The motion referred to was one pending in the superior court of this city and on the action .brought against Find-lay, in which the undertaking was signed by the defendants. It was to open a default taken in that action but after judgment and the issuing of the execution The adjournment was asked for by the plaintiff’s attorneys and granted on the assumption or condition that no process against Findlay should be issued or suit against the defend ants be commenced m the meantime. Aside from this it appears that the execution against the property of Findlay had not been returned when the stipulation was signed and *11 was not returned for some time after the adjourned day. Until that event took place the process against the person could not be issued. It will have been perceived that the execution against the property was not stayed but was in full force, the time during which it was to run, sixty days, yet going on.
When these facts are understood the character of the defense is at once revealed. Even if any rule could be invoked to shield the defendants on account of delays extended to their principal, it could have no application to delay which they imposed as a condition. It was their suggestion made through their attorney or representative that no action should be brought against them and if any emergency existed demanding it, it was for their benefit. If this view be erroneous for the reason that Mr. Tenney was not the representative of the defendants, then the result is equally fatal. No procording against the principal defendant was suspended or delayed. The plaintiff was not in a position to issue an execution againt his person, the execution against his property not having been returned. The stipulation therefore, was of no effect.
The case of Ross v. Ferris (18 Hun, 210), upon which the defendants chiefly rely to sustain the answer herein, is not analogous to the case on hand. The sureties in that case had signed an undertaking on an appeal from a justice’s judgment. Subsequently the parties stipulated that a judgment of affirmance should be entered on the condition that no execution should be issued for six months. This was held to operate as an extension of time, and to release the sureties. The court, however, recognized the distinction between such an agreement and one in the course of the action. “We do not mean,” the court said after allusion to the effect of a valid extension of time given by the creditor to the principal debtor, “by this that the ordinary extensions of time in actions, or the putting a case over from one time to another would discharge such sureties as the defendants are.” It may be added here that the adjournment asked for and obtained was one which a court would readily have granted, especially on such terms as were imposed. It was a mere incident in the progress fo the action or affecting it, initiated, not by the plaintiff, but by the principal defendant or his sureties, to vacate the judgment, and, therefore to remove for a time, at least, the basis of the defendants’ liability. There are, however, several cases which strike at and destroy any such doctrine as that contended for by the defendants predicated of the facts and circumstances disclosed herein. The reason of the rule discharging sureties is that the agreement with their principal prevents them during the extended time *12 from proceeding against him. Billington v. Wagoner, 33 N. Y., 33. If the indulgence granted may be obtained in the ordinary progress of the cause, or time be given which would have elapsed had a suit been brought and prosecuted with due diligence, the sureties are not discharged. Bower v. Herman, 3 Denio, 379; Sizer v. Heacock, 23 Wend., 81; Hallett v. Holmes, 18 Johns., 28; Fullam v Valentine, 11 Peck., 156, Stevenson v. Roche, 9 Barn. & Cress.. 711; Johnson v Boyer, 3 Watts., 378.
The answer to the indulgence is, therefore, not only sham,, but frivolous, and if not sham, clearly frivolous. . The denial of any knowledge or information sufficient to form a belief that the plaintiff was a corporation, created no-issue. Bengston v. Thingvalla Steamship Co., 3 N. Y. Civ. Pro., 204; The Crucible Co. v. The Steel Works, 9 Abb. N. S., 195; Concordia Savings Bank and Aid Association v. Read, 93 N. Y. Rep., 474.
We see no reason to interfere with the order considered. The appeal from the order denying a motion to adjourn cannot be sustained. The object of the delay was to establish the stipulation just considered, and that was valueless.
The judgment and order must, for the reasons given, be affirmed, with costs on the judgment appeal only, and disbursements on that from the order.
Van Brunt, Ch. J., and Daniels, J., concur.'