(75 South. 416)

No. 22382.

WEATHERSBY v. SPRINGFIELD LUMBER CO., Limited, et al.

(May 14, 1917.)

*(Syllabus by Editorial Staff.)*

CANCELLATION OF INSTRUMENTS ☞34(4) — PRESCRIPTION—LIMITATION APPLICABLE.

A suit by a married woman, after the death of her husband, to annul a sale of real estate made by her without her husband's authorization, is governed by Civ. Code, art. 3542, providing that actions for the nullity or rescission of contracts are prescribed by five years, and not by article 2221, providing that, in all cases in which the action of nullity or of rescission of an agreement is not limited to a shorter period by a particular law, it may be brought within ten years.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 54.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; W. Schofield Rownd, Judge.

Suit by Mrs. Louisa P. Weathersby against the Springfield Lumber Company, Limited, and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Clay Elliott, of Amite, for appellant. F. S. Weis, of New Orleans, for appellee French. R. C. & S. Reid, of Amite, for appellee W. W. Carre Co., Limited.

PROVOSTY, J. Plaintiff sues to annul a sale of real estate made by her without the authorization of her husband. The suit is brought more than five years after the death of the husband, and defendant pleads prescription, under article 3542, C. C., which provides that actions for the nullity or rescission of contracts are prescribed by five years. The only difficulty in the case arises

141 LA.—19

from the fact that article 2221 of the Code provides that:

"In all cases in which the action of nullity or of rescission of an agreement is not limited to a shorter period by a particular law, that action may be brought within ten years."

The apparent conflict between these two articles was very fully considered in Brownson v. Weeks, 47 La. Ann. 1042, 17 South. 489, where it was held that article 3542 applied to all cases where the ground of nullity was the incapacity of the person contracting. Plaintiff's learned counsel invokes the earlier case of Mulford v. Wimbish, 2 La. Ann. 443, and other cases, but all this was threshed out in Brownson v. Weeks, and going once more over the same ground would serve no useful purpose.

Judgment affirmed at appellant's cost.