(79 South. 324)

No. 21157.

LOUISIANA SULPHUR MINING CO. v. BRIMSTONE R. & CANAL CO.

(Jan. 28, 1918. On Rehearing, June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. CORPORATIONS ⚛442—OFFICERS—AUTHORITY TO SELL "RIGHT OF WAY."

When a corporation authorized its president to sell a right of way to another company, since a "right of way" is a mere servitude, the president could sell a servitude only, and not the land itself.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Right of Way.]

2. REFORMATION OF INSTRUMENTS ⚛1—INTENTION OF PARTIES.

Equity may reform an act or sale so as to make it conform to the true intention of the parties.

3. REFORMATION OF INSTRUMENTS ⚛2—SALE OF LAND.

Where mining company authorized president to sell right of way to canal company, but land itself was sold, in absence of proof that canal company sought a less interest, which could be furnished only by resolution of board of directors authorizing purchase, mining company cannot have reformation.

4. EVIDENCE ⚛419(3)—PAROL EVIDENCE AFFECTING WRITING.

Where mining company's sale to canal company of land for right of way was made for cash, with nothing said as to further consideration, parol evidence, in mining company's suit, as to failure of consideration through abandonment of canal enterprise, was properly rejected as proving something beyond written contract.

5. FRAUDS, STATUTE OF ⚛74(1)—PAROL EVIDENCE AFFECTING TITLE.

Where mining company's sale to canal company of land for right of way was made for cash, with nothing said as to further consideration, parol evidence, in mining company's suit, as to failure of consideration through abandonment of canal enterprise, was properly rejected as affecting title to realty.

O'Niell, J., dissenting in part.

On Rehearing.

6. CANCELLATION OF INSTRUMENTS ⚛34(4)—STATUTE OF LIMITATIONS—ANNULMENT OF CONTRACT.

Civ. Code, art. 3542, declaring that actions for the nullity or rescission of contracts are prescribed by five years, has no application to an action to have decreed null a contract void on its face.

7. CORPORATIONS ⚛442—CONTRACT OF SALE—NULLITY ON FACE.

Instrument whereby mining company by its president purported to convey land to canal company was null on face, in so far as it purported to convey anything more than right of way; directorate of mining company having authorized president to sell only right of way, and the resolution being attached to the instrument.

8. PRINCIPAL AND AGENT ⚛152(4)—CONTRACTS—NULLITY ON FACE.

The test whether an act by an agent is voidable or absolutely void on its face is, not wheth-

er it might be ratified, but whether its nullity is only latent or is apparent.

Monroe, C. J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Alfred M. Barbe, Judge.

Suit by the Louisiana Sulphur Mining Company against the Brimstone Railroad & Canal Company. From judgment for defendant, plaintiff appeals. Judgment set aside, etc.

McCoy & Moss, of Lake Charles, for appellant. Pujo & Williamson, of Lake Charles, for appellee.

PROVOSTY, J. Under date of September, 1905, the agent of the defendant company addressed to the plaintiff company the following letter:

"I have been engaged by the Brimstone Railroad & Canal Company to secure for them a right of way from the sulphur mines in this parish westward to the Sabine river. I notice that sections 31, 32 and 33 in Tp. 9 S. R. 11 W. is credited to you. The right of way desired is 200 feet wide and crosses your property approximately as shown on the plat on the margin of this letter, the exact distances from the section corners to be verified before any transfer is made.

"We are willing to pay the actual value for the land we use at its real value per acre at the present time. Lands in this locality are not generally considered very valuable, and this company being a common carrier, its building through that country should enhance values along its line we therefore trust that we can agree on a price per acre in harmony with present values, and that the proposition will be agreeable to you and your company.

"Will you not kindly give the matter consideration and write me at your earliest convenience."

Upon receipt of this letter, the board of directors of the plaintiff company adopted the following resolution:

"Resolved that the secretary of the Louisiana Sulphur Mining Company write to Mr. J. S. Thomson of Lake Charles, La., and find out through him, or others, the value of the land included in a right of way which the Brimstone Railroad & Canal Company desire to purchase from the Louisiana Sulphur Mining Company, said right of way to be 200 feet wide and running in a southwesterly direction through sections 33, 32 & 31 in township 9 south, range 11 west, belonging to the Louisiana Sulphur Mining Company, and after such value was obtained, if, in their judgment, the price justified the Louisiana Sulphur Mining Company in selling such right of way, that the president and secretary of the Louisiana Sulphur Mining Company be and are hereby authorized to sell such right of way for cash and to make the proper transfer of the same."

[1] A right of way, and the ownership of the land over which the right of way is to exist, are not the same thing. A "right of way" is a mere servitude. Hence by the acquisition of a right of way is understood the acquisition only of a servitude. Moore v. Railroad Co., 126 La. 866, 53 South. 22. When therefore the said agent of defendant proposed to acquire for defendant a right of way, and the plaintiff authorized its president to sell a right of way, a servitude only could have been meant. Moreover, defendant had need of no other for the purposes of its canal. By inadvertence, or otherwise, however, the sale was made for the land itself to be covered by the right of way.

This was in November, 1905. Shortly thereafter the defendant company began constructing its canal on the land thus acquired, but soon discontinued the prosecution of the enterprise; and things remained in that condition until this suit was brought, January, 1914.

The allegation is that under said resolution the president of plaintiff company was without authority to sell more than a servitude, and that therefore the act should be reformed so as to be so restricted.

It is very evident that the said resolution did not authorize the sale of more than this. Consequently, the act will have either to be reformed as thus prayed, or else annulled altogether as unauthorized.

[2, 3] Equity may reform an act so as to make it conform to the true intention of the parties. But in the present case there is no proof that the defendant company intended to acquire a less interest than the land itself; hence the prayer for reformation cannot be

granted. 34 Cyc. 974; Davega v. Insurance Co., 7 La. Ann. 228; Aguimbau v. Insurance Co., 106 La. 148, 30 South. 148. The letter of the agent of the defendant company does not furnish this proof. Nothing short of a resolution of the board of directors of the defendant company authorizing the purchase could furnish it. Indeed, the presumption would be that the defendant company intended to buy the land itself, since that is what it did buy.

We have therefore to set the sale aside entirely; subject, however, to the right of the defendant company, if it so desires, to confirm it as of the sale of a servitude only.

[4, 5] Plaintiff further alleges that part of the consideration of the said sale was the benefit to be derived, in increased value and otherwise, by the adjoining lands of the plaintiff from the construction of the canal; and that this consideration having failed, as the result of the defendant company's having abandoned said enterprise, plaintiff is entitled to a resolution of said contract.

The sale was made for a cash price, with nothing whatever said as to any further consideration; and the said resolution is equally silent in that regard. The said allegation therefore is not proved. The parol evidence sought to be offered on that point was properly rejected, as going to prove something beyond the written contract, and as going to affect title to real estate.

This demand for annulment is predicated on breach of contract, and not on forfeiture because of nonuser, or abandonment; and, besides, if it were predicated on either of the latter grounds, the evidence in the record would be too scant to support it.

Plaintiff asks that its right to claim damages be reserved. There is no reason why whatever rights it may claim to have in that connection should not be reserved.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby set aside; and that the sale made by the plaintiff company to the defendant company on November 3, 1905, acknowledged before Charles T. Soniat, notary public, recorded in book of conveyances of the recorder's office of the parish of Calcasieu, in Book No. 69 at page 602, as of date December 5, 1905, be and the same is hereby annulled; and that the inscription of same in the said conveyance book be canceled, unless, within 30 days from the date of the inscription of the present judgment in the records of the district court of the said parish, the defendant company cause to be recorded in the said conveyance book a resolution of its board of directors electing to hold the said sale effective only as the conveyance of a servitude of way on the land described in said sale, and not of the land itself, in which event the said inscription is not to be canceled, and said sale is not to be annulled, but is to remain in effect as the sale of a servitude.

And it is further ordered, adjudged, and decreed that the demand of the plaintiff company for the annulment of the said contract of sale be rejected as in case of nonsuit; the costs of this suit to be paid by the defendant; and that whatever rights the plaintiff may have to sue in damages be reserved.

O'NIELL, J., concurs in the decree, but not in the opinion that testimony was not admissible to show a further consideration than that expressed in the deed.

### On Rehearing.

O'NIELL, J. The defendant has pleaded the prescription of five years, under article 3542 of the Civil Code; and that is the only defense urged on rehearing.

[6-8] The article declares that actions for the nullity or rescission of contracts are prescribed by five years. It has no application to an action to have decreed null a contract that is void on its face. The instrument in ques-

tion, with the procuration or resolution attached to it, in so far as it purports to convey title to anything more than a right of way or servitude, is null on its face. In that respect, it differs from the instruments that were in contest in the two cases relied upon by defendant, viz. Brownson v. Weeks, 47 La. Ann. 1042, 17 South. 489, and Weathersby v. Springfield Lumber Co., 141 La. 577, 75 South. 416. The test, as to whether the act is only voidable or absolutely void, with that regard, is, not whether it might or might not be ratified, but whether the nullity is only latent or is apparent on the face of the instrument. A sale made by one who does not own the property and has no authority from the owner to sell it might be ratified by the owner, but it is none the less void, not merely voidable.

The decree heretofore rendered is reinstated and made final.

MONROE, C. J., dissents.