Plaintiffs, four in number, namely, Mrs. Leah Palmer Gant, Alney J. Palmer, Clarence A. Palmer, and Mrs. Walter Camp, claim to be owners of an undivided 4/7 interest, in the proportion of 1/7 to each, in 113 acres of land in East Feliciana Parish, and that the other 3/7 interest in the said property is owned by Merrick Palmer, Norwood Palmer and Cass H. Palmer, in the proportion of 1/7 to each. The respective interest was acquired by the first-named three plaintiffs and Merrick Palmer, Norwood Palmer and Cass H. Palmer by inheritance from their deceased father and mother, Cass Palmer and Mrs. Mary E. Norwood Palmer, and by plaintiff Mrs. Walter Camp, by virtue of being the sole legal heir of her deceased mother, Mrs. Cecile Palmer Phillips, who was a daughter of Cass and Mary Palmer, and who had died in the month of December, 1941, which was after the death of her parents.
This suit is to rescind a purported act of sale wherein the first three named plaintiffs and Mrs. Cecile Palmer Phillips, the mother of the other plaintiff, and Norwood Palmer, one of the defendants, appear to have transferred to Cass H. Palmer, the other defendant, all of their rights, title and interest to the 113 acres of land. The purported act of sale, on its face, appears to be authentic in form as a cash sale for the consideration of $200.
Plaintiffs allege that on Sunday, May 25, 1930, while being at the old home place of their deceased parents, defendant Cass H. Palmer expressed a desire to be given charge of the property in order that he could farm it, make repairs, keep up the place and pay the taxes, with complete and undisturbed use of the same; that they agreed to grant to defendant Cass H. Palmer such use of the property in consideration for which he would pay all taxes *Page 524 
and make the necessary repairs on the place; that the first three named plaintiffs, Mrs. Cecile Palmer Phillips, the mother of the other named plaintiff, and Norwood C. Palmer, a defendant, were presented with a document, in writing, by defendant Cass H. Palmer, and which he had at the time, represented to be in effect the aforesaid agreement allowing him the use of the property; that in order to show the purpose of the agreement a clause was written therein to the effect that it was mutually understood and agreed by Cass H. Palmer and the heirs that the property would not be sold or assigned by Cass H. Palmer to any person other than one or more of the named heirs, unless the heirs refused to buy, this refusal to be expressed in writing.
Plaintiffs further allege that the instrument or document was signed on Sunday, May 25, 1930, in the absence of any notary public and of any two witnesses; that on May 29, 1930, the said Cass H. Palmer caused a notary public for the Parish of East Baton Rouge, and two witnesses to sign the said instrument or document in an attempt to give the document the effect of an authentic act of a cash sale, for a cash consideration of $200, when in truth and in fact the said Cass H. Palmer had not paid and has never paid or intended to pay anything to plaintiffs. They further allege that they did not learn of these facts until the month of December, 1941, when they discovered that the said Cass H. Palmer had had the said purported authentic act of sale recorded on November 27, 1939, in the conveyance records for the Parish of East Feliciana.
They further allege that the aforesaid document, in so far as it purports to be an authentic act of sale, is a forgery and is null and void and of no effect whatsoever. They further aver that the instrument signed by them was never intended to be a sale of their interest in the property, but only a grant of usufruct to the said Cass H. Palmer. As Norwood Palmer refused to join in the suit, he was made a defendant with Cass H. Palmer.
The prayer of the petition is that the said instrument be decreed without effect in so far as it purports to be an act of sale; decreeing that plaintiffs are the owners of their undivided interest in the said property, and ordering the clerk of the court for the Parish of East Feliciana to cancel and erase the purported act of sale from the conveyance records.
Defendants filed several exceptions which were referred to the merits by the trial judge. These exceptions are not urged on appeal and we deem it unnecessary to mention or discuss them in that we assume that they have been abandoned. Defendants, in answer, in effect, assert the validity of the document as a cash sale from plaintiffs to Cass H. Palmer of their undivided interest in the property and a denial of any fraud, error or irregularity in the confection of the act. On further answer, they plead the prescription of five years as against the annullment of the instrument and contract and the prescription of ten years of uninterrupted and peaceable possession of the property. These pleas are re-urged on this appeal.
On trial on the merits, there was judgment in favor of plaintiffs, decreeing the purported act of sale to be null, void and of no effect whatsoever, and ordering the clerk of the court for the Parish of East Feliciana to cancel and erase the said document from the conveyance records of the said parish, at the costs of defendants. Defendants have appealed.
There was no objection made to the introduction of any evidence evidently for the reason that defendants were satisfied that the allegations of the petition were sufficient to charge error or fraud in its confection and in the event of such showing plaintiffs were entitled to recover unless the pleas of prescription could be maintained.
It is our understanding of the evidence that on May 25, 1930, the first three named plaintiffs and Mrs. Cecile Palmer Phillips, the mother of Mrs. Walter Camp, the other plaintiff, Norwood C. Palmer, a defendant, Merrick L. Palmer and Cass H. Palmer owned in indivision, in the proportion of 1/7 to each, a certain tract of land containing 113 acres, situated near Norwood, in the Parish of East Feliciana, having acquired their interest in the property from their deceased father and mother, and which property was the family homestead; that it was the custom of the children to meet at the homestead, but that after the death of the parents, the family reunion took place at the home of Mrs. Leah P. Gant; that on May 25, 1930, Mrs. Cecile Palmer Phillips, then a resident of Grand Rapids, Michigan, was visiting Louisiana, and particularly the residence of Mrs. Gant. There was arranged a family meeting dinner, at which dinner there were present the *Page 525 
first three named plaintiffs, Mrs. Phillips and the two defendants, Norwood Palmer and Cass H. Palmer. Cass H. Palmer, being desirous of obtaining the usufruct of the old homestead, informed his sisters and brothers then present of such desires and after a full discussion thereof and his assumption of the repairs of the place and the payment of the taxes, he presented to his sisters and brothers a document which he claimed evidenced such a contract, for their signatures. The document then presented was in the form of an act of sale, without date, the name of the notary, or any consideration being stipulated, only containing all of the names of the heirs, save himself, as vendors, and containing himself as purchaser, with the description of the property. Clarence Palmer then wrote a separate paragraph referring to the obligation of Cass H. Palmer not to sell or dispose of the property to another unless he first obtained, in writing, the consent of the heirs so to do, and then said deed to contain a mineral reservation on behalf of the heirs. Upon representation that such protected their respective rights in the premises and was sufficient to fully carry out their agreement that Cass H. Palmer had only the right of usufruct for an indefinite length of time, the present heirs signed the document. All of this took place near Norwood, in the Parish of East Feliciana, wherein the property was situated and where Mrs. Gant was residing, without any notary or witnesses being present.
Thereafter Cass H. Palmer took the document, had two witnesses to subscribe to the document, and took the instrument to a notary public, in the City of Baton Rouge, where the date of May 29, 1930, was inserted, together with the notary's name, and the consideration therefor of $200 was written, together with the names of the witnesses.
In a contract of sale, three circumstances must concur for its perfection, namely: The thing, the price and the consent. As to the thing, it is certain, that is, the 113 acres of land. As to the price, the evidence is conclusive that there was no agreement or stipulation for it, and that Cass H. Palmer paid nothing and expected to pay nothing and that the evidence leads to no other conclusion but that the consideration was placed in the document after the signatures were obtained to give the document the appearance of a cash sale. Finally, it is evident that the consent was obtained through error. This being the case, the instrument cannot be said to be an act of sale. The defendants practically concede this, and rely mainly in this court on their pleas of prescription as contained in their answer.
The question then arises as to whether or not the action to rescind and cancel the contract is prescribed by the prescription of five years under Article 3542 of the Civil Code or the prescription of ten years under Article 2221 of the Civil Code.
In the case of Mulford v. Wimbish, 2 La. Ann. 443, it was decided that the provisions of Article 3542 did not apply to actions to rescind or annul agreements for error, fraud or violence, and that this article only applied to such cases not included in Article 2221; that under Article 2221, actions to rescind an agreement on account of error or fraud is prescribed by ten years and that the prescriptive period begins to run only from the day the error or deception is discovered.
The action of rescission involved in this case is one to declare the purported act of sale null, void and of no effect from the beginning, that is, as never having had any binding effect, for the reason that the instrument sought to be annulled was signed through error as to its contents and for lack of consideration. It is fully established that the error as to the nature of the contract, including the want of consideration as recited in the purported deed, did not become known to the plaintiffs until some time during the latter part of the year 1941, after the deed had been actually recorded in 1939, and after Cass H. Palmer attempted to sell a portion of the property to a third person. The suit was filed in February, 1942.
It is contended by the defendants that the prescriptive period should run from the date of the filing of the deed for recordation, that is, of date of May 30, 1930, in that its filing constituted notice to plaintiffs, regardless of the fact that the deed was not actually recorded until November 27, 1939, and that plaintiffs did not have actual knowledge of its contents until after its recordation. We cannot agree with defendants' contention, for the reason the filing of the deed and its recordation may affect third persons, but have no effect as to the original parties to the deed. The instrument has the same effect between the *Page 526 
parties whether it is recorded or not recorded. Article 2221 clearly states that prescription shall run from the date the error or fraud was discovered.
We are therefore of the opinion that the prescription of five years is not applicable and the prescription of ten years had not accrued when the action was instituted to annul the purported contract of sale. Finding no error in the conclusion of the trial judge, either of fact or law, the judgment appealed from stands affirmed.