ELLIS, Judge.
On the 16th day of May, 1936 the plaintiff, Emanuel Francois, entered into a contract with the defendant Horace R. Alexius, in which Francois, “for and in consideration of the sum of $200.00, which $200.00 was to be paid in land, being four acres of land, more or less, out of the Horace R. Alexius United States Homestead, and to be located in said Homestead at a place selected by mutual consent, and laid out by a surveyor, to be paid by Horace R. Alexius * * * ”, granted, sold, conveyed with full subrogation of all his rights and actions of warranty unto Alexius the following described property, to-wit: '
“Three acres of land, more or less, lying and being situated near the River Bogue Falaya, in the Parish of St. Tammany, State of Louisiana, and 'bounded on the Northeast by the line dividing the properties of Jules LeBlanc and Frank Jackson the present vendor and on the West by a Bayou known as Beebe’s Bayou, and being a portion of the same property acquired originally from D. Prichett on the 18th day of December, 1873.”
*114 The plaintiff has instituted this suit for the rescission of the above contract, and in his petition alternatively pleads nullity on the following four grounds:
1. Lack of consideration;
2. Incomplete exchange of land;
3. Aleatory or hazardous contract;
4. Potestative condition.
To this suit defendant filed pleas of five and ten years prescription under LSA-C.C. Articles 3542 and 2221, and an exception of no cause or action predicated upon the plea of prescription being sustained.
The District Court overruled defendant’s prescriptive pleas, however, after trial on the merits the Court sustained the pleas of prescription and dismissed plaintiff’s action, from which judgment plaintiff has appealed.
Plaintiff, evidently realizing the lack of merit in the first three grounds plead, is basing his argument for a reversal of the judgment upon the failure of the lower court to annul the contract on the fourth ground, viz., that it contained a potestative condition in violation of Article 2035 of the LSA-Civil Code.
Articles 2024, 2034 and 2035, LSA-C.C. read as follows:
“2024. Potestative condition defined. —The potestative condition, is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.”
“2034. Potestative condition on part of promisor voidable. — Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.
“2035. Application of preceding article limited. — The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.”
The Lower Court very succinctly stated the crux of the matter in reaching a decision upon the plea of ten years prescription under Article 2221, which is relied upon by the defendant-appellee, when in his written reasons he stated:
“In reaching a conclusion as to whether or not the pleas of prescription herein filed by the defendant are applicable, it is necessary to determine whether or not the act herein which this suit is founded on is only voidable or absolutely null and void. If the act is voidable the pleas of prescription are good and the suit must be dismissed ; but, if the act is null and void the pleas of prescription herein filed must be overruled. In the case of Louisiana Sulphur Mining Co. v. Brimstone R. & Canal Co., 143 La. 743 [79 So. 324], the Supreme Court of this State held that in an action for nullity or recision of a contract that the plea of prescription has no application where the contract is void on its face, and at page 749 [of 143 La., at page 326 of 79 So.] of the opinion the Supreme Court used the following language:
“ ‘The test, as to whether the act is only voidable or absolutely void, with that regard, is, not whether it might or might not be ratified, but whether the nullity is only latent or is apparent on the face of the instrument. A sale made by one who does not own the property and has no authority from the owner to sell it might be ratified by the owner, but it is none the less void, not merely voidable.’ ”
It is necessary that we determine from the law and jurisprudence and the terms of the contract sought to be annulled whether the latter contained a void or voidable condition. If it contained a true potestative condition, the execution of which depended solely upon the will of the defendant here- *115 fn, it would be void, but if the condition is found to be one that the obligor “shall do or not do, a certain act,” it is not void and the prescriptive plea should be maintained.
In the case of Owens v. Muslo, 166 La. 423, 117 So. 449, the Supreme Court of Louisiana interpreted a contract in which it was contended that it contained a potes-tative condition and was therefore null and void. In that case plaintiff and defendant entered into an option agreement whereby the plaintiff paid for the option $150,000, and defendant bound himself to deliver to plaintiff a deed to certain oil properties for the agreed price of $1,300,000 less the $150,000 paid, provided plaintiff should furnish defendant on or before January 15, 1920, security or guarantee satisfactory to defendant for the payment to defendant of $1,150,000 on January 15, 1922. Three days before the expiration of the option, the Dominion Oil Company for whom the plaintiff was acting and in the presence of the plaintiff declined to avail itself of the option and abandoned the same at which time no claim was made or even suggested by the company or plaintiff for the return of the $150,000 paid for the option. Exactly five years after the option had been declined and abandoned, plaintiff filed suit for the return of the option money on the ground that the same had been paid in error and without consideration upon a contract which was void ab initio, since there was no mutuality' of obligation; the defendant not being bound to deed the property to plaintiff unless satisfied with the security which plaintiff might tender him; in other words that the obligation of defendant to deed the property to plaintiff depended solely on his own will. In this case the Supreme Court stated:
“A so-called contract which leaves .one of the parties free to perform or not to perform his part thereof at his mere will or pleasure is, on the very face of it no contract at all. It is, however, capable of ripening into a contract. Thus, if the party not bound does nevertheless perform his part thereof the other party can thereupon no longer recede from his own obligation. 13 Corp.Jur. 335, verbo 'Contracts,’ § 182. Thus, when the .buyer has reserved to himself the view and trial of the object sold, the seller is bound to deliver it if the buyer declare himself satisfied and tender the price agreed upon. R.C.C. arts. 2460, 2043.
“Such a contract therefore does produce a certain nexus, or legal bond between the parties, imperfect at first, but nevertheless capable of becoming perfect by the mere act of one. of the parties without further agreement.
“Hence when our Civil Code says, articles 2034, 2024, the every obligation is null that has been contracted on a potestative condition on the part of him who binds himself (a potestative condition being one which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the- contracting parties to bring about or to hinder), the meaning is that such an obligation is voidable if the nullity be set up seasonable^ precisely as when the Code says, article 2452, that the sale of a thing belonging to another is null. See 2 Hennen Digest, p. 1325 (c) 1 Cf. R.C.C. art. 3293.
“So that, had defendant offered to accept any security which plaintiff might tender him, or even waive all security whatever and accept plaintiff’s mere personal obligation for the price, there can be no doubt that plaintiff would not then have been heard to repudiate the contract and declare that he had never been bound at all and hence was entitled to the return of what he had previously paid.
“But, as said at the beginning, the Dominion Oil Company, for whom plaintiff was acting, made no effort whatever to acquire the properties at the price stipulated, but, on the contrary, declined to avail themselves of the opportunity; their position being that the properties were not worth *116 nearly the amount to be paid, in which they were correct, as the event shows that defendant ultimately got for them less than half of that sum. And thus defendant was neither asked nor given any opportunity to- accept or reject or waive any security they might offer. It was they, therefore, arid not the defendant, who made impossible the performance of the condition on which they were to be bound, because, until they offered security of some sort, defendant could not be satisfied or dissatisfied therewith. And they, having thus refused to go further with the option, cannot now complain that defendant might have refused to go on.”
In Martin-Parry Corp. v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83, 84, the Supreme Court, speaking through Justice McCaleb, in dealing with an alleged potestative condition stated:
“Accordingly, as long as' the object of the contract is lawful, it is the duty of the court to enforce it as written. In the case at bar, the stipulation of the defendant that he would refrain, after the termination of the contract, from capturing for his own account or for others the employees and dealers of the plaintiff was a perfectly lawful promise based on reasonable grounds and supported by valuable consideration, i. e., the salary and emoluments to be obtained in the position of Branch Manager. And there is nothing conditional about the promise; it was absolute — defendant agreeing that, upon the occurrence of a certain event —the termination of employment — he would not disturb the other employees of plaintiff. Albeit, it is difficult to discern why the agreement is said to contain a potestative condition.
* * * * * *
“A potestative condition is stated by Article 2024 of the LSA-C.C. to be one ‘ * * * which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.' Hence, the nature of the condition is such that it depends upon the occurrence of an event, uncertain in that only one party to the contract is given the right, through whim or caprice, to either bring about the event or hinder it; that is why such a condition, which is purely potestative, ■ renders the obligation null as to the obligor.”
The Court further stated in this case that a potestative condition exists only when there is an exclusive right in one party.
It is contended by the plaintiff in the case at bar that under the terms of the contract the defendant had it within his power to agree or not to agree on what land was to be transferred frorii the old Alexius homestead in exchange for plaintiff’s land.
Under the terms of the contract either party, plaintiff or defendant, could fail to agree. Both parties under the contract were to, mutually agree upon the land. The selection of the four acres of land which the plaintiff Francois was to receive from the defendant Alexius was not left to the exclusive control or within the exclusive power of the defendant to hinder or prevent, nor did it depend upon the sole will of the defendant. The contract in effect charges both parties, in order to complete it, with the duty of doing certain acts, viz., first, both must agree upon the four acres; second, Alexius was to have it surveyed; and, third, Alexius was to transfer it to the plaintiff, Francois. The condition, not being void but voidable, was susceptible to prescription, and if the plaintiff Francois allowed ten years to pass from the date of the contract without taking any action toward a selection and mutual agreement on the four acres from the Alexius Homestead, then any rights he had would be prescribed. ,
The trial court, as a matter of fact, found from the testimony that the plaintiff Francois and the defendant Alex-ius had mutually agreed upon the “Cy Braxton place” soon after or approximate *117 ly at the time of entering into, the contract in question, and we cannot see that there is any manifest error in such a finding. When the parties agreed upon a particular piece of property, the plaintiff thereafter could not attack the contract as feeing null and void on the ground that it contained a potestative condition. Such an attack came too late. Owen v. Muslo, supra.
The judgment of the District Court in sustaining the plea of prescription of ten years filed by the defendant Alexius was correct as the contract contained a voidable potestative condition and, further, the condition had been removed at the ' time the parties agreed upon a specific and certain four acres of land, and plaintiff Francois could then have enforced a performance. While we realize that he has received nothing for the four acres of land which he transferred to the defendant Alexius, he has allowed his rights to prescribe and we can only leave the case with the conscience of the defendant Alexius.
For the reasons assigned, the judgment of the District Court is affirmed at appellant’s costs.