381 So.2d 551 (1980)
Napoleon B. MARSHALL, Plaintiff-Appellant,
v.
James B. WELLS, Defendant-Appellee.
No. 14045.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
Piper & Brown by Frank E. Brown, Jr., Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for defendant-appellee.
Before HALL, MARVIN and McCLENDON, JJ.
*552 HALL, J.
On March 23, 1979 plaintiff, Napoleon B. Marshall, filed suit against defendant, James B. Wells, an attorney, seeking to annul and rescind a contract of employment entered into between plaintiff and his brother and the defendant in 1973 and deeds from plaintiff and his brother to defendant conveying certain real estate pursuant to the employment contract, and for reconveyance of the property with all royalties, interest, and monies collected therefrom. Defendant filed a plea of prescription of five years based on LSA-C.C. Art. 3542.[1] The plea of prescription was sustained, plaintiff's suit was dismissed, and plaintiff appealed.
On appeal, plaintiff contends that the contingent-fee contract for the handling of a succession was unreasonable, a breach of the attorney's fiduciary duty for his own financial advantage and in contravention of the Code of Professional Responsibility. Plaintiff urges that the contract was in derogation of public order and good morals and, therefore, the five-year prescriptive period established by LSA-C.C. Art. 3542 is inapplicable. Plaintiff further urges that this is a personal action, governed by the ten-year prescriptive period of LSA-C.C. Art. 3544.[2]
Plaintiff's petition alleges: Plaintiff solicited the services of defendant and thereafter retained his services as an attorney to have plaintiff and his brother placed in possession of the estate of Josephine Byrd. Defendant performed these services and several ancillary matters in connection with leasehold rights and interests. In consideration for his services defendant was paid a retainer fee which was reasonable and commensurate with the work to be accomplished. On September 29, 1973 defendant sent a contract of employment to plaintiff, essentially contingency in nature, providing for plaintiff to pay 25 percent of whatever amount was collected if the claim was settled or 331/3 percent if it was necessary to institute a lawsuit. On or about October 29, 1973 defendant forwarded to plaintiff and his brother deeds by which they conveyed a 331/3 interest in and to the Succession of Josephine Byrd to the defendant. Defendant's services were performed in connection with another attorney and his work and efforts were routine and required no special effort. The contract of employment was unreasonable, constituted excessive consideration for services actually performed, was overreaching, was executed by plaintiff in error, was contracted in bad faith by defendant, was an unjust enrichment, and was unethical in violation of the Code of Professional Responsibility. Plaintiff prayed that there be judgment rescinding the contract of employment and deeds and that the court declare the contract and deeds to be an absolute nullity. Plaintiff further prayed that defendant be ordered to reconvey the subject property with all royalties, interest, and monies collected therefrom.
This suit is not a personal action but is an action to annul and rescind contractsthe contract of employment and the contracts of sale executed pursuant thereto.
There is nothing, per se, illegal or in derogation of public order or morals about a contingency-fee contract for professional services to be rendered in connection with the handling of a succession and ancillary matters in connection with leasehold rights and interests, or in an attorney acquiring an interest in the succession property as consideration for professional services rendered. Accordingly, the contract and deeds, *553 although perhaps voidable under the allegations of the petition, are not absolutely null and imprescriptible. See Reed v. Thomas, 355 So.2d 277 (La.App.2d Cir. 1978), writ denied 357 So.2d 1153 (La.1978). See also Fried v. Bradley, 219 La. 59, 52 So.2d 247 (1950) and Whitney National Bank of New Orleans v. Schwob, 203 La. 175, 13 So.2d 782 (1943).
It would seem, therefore, that this action seeking to annul and rescind contracts executed more than five years prior to the filing of suit is barred by the five-year prescriptive period of LSA-C.C. Art. 3542. We have, however, considered the possible applicability of LSA-C.C. Art. 2221, even though no issue is raised in the briefs. Article 2221 provides:
"In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by a particular law, that action may be brought within ten years.
"That time commences in case of violence, only from the day on which the violence has ceased; in case of error or deception, from the day on which either was discovered.
"With regard to acts executed by persons under interdiction, the time commences only from the day that the interdiction is taken off; and with regard to acts executed by minors, only from the day on which they become of age."
According to a Law Review comment appearing in 21 Tul.L.Rev. 438 (1947):
"The apparent conflict of Articles 2221 and 3542 has confounded the jurist and confused Louisiana jurisprudence with extensive ambiguity...."
The conflict between the two articles was directly presented to the Supreme Court for the first time in Mulford v. Wimbish, 2 La.Ann. 443 (1847). Minor heirs sued to annul fraudulent contracts after more than five but less than ten years had elapsed. The court held that the ten-year prescriptive period of Article 2221 was applicable and that articles governs cases of error, fraud, or violence in agreements which are expressly mentioned in the article.
The conflict between the articles was again placed at issue in Brownson v. Weeks, 47 La.Ann. 1042, 17 So. 489 (1895). In that case a woman sought the nullity of a contract of security for her husband's debt in a suit brought six years after the death of her husband. The court held that the action was prescribed by the lapse of five years under Article 3542. The Supreme Court criticized the earlier Mulford decision holding that Article 3532, dealing specifically with prescription, was sweeping in its scope and included actions of nullity or rescission of contracts based on fraud, error, violence, and deception, which are the usual grounds for annulling and rescinding contracts.
Numerous subsequent cases have applied one article or the other without dealing specifically with the conflict between the two. See Vaughan v. Christine, 3 La.Ann. 328 (1848); Ross v. Ross, 3 La.Ann. 533 (1848); Badillo v. Tio, 6 La.Ann. 129 (1851); Calais v. Semere, 10 La.Ann. 684 (1855); Wilson v. Porter, 13 La.Ann. 407 (1858); Succession of Wilder, 22 La.Ann. 219 (1870); Blake v. Nelson, 29 La.Ann. 245 (1877); Miller v. Miller, 32 La.Ann. 437 (1880); Board of School Directors of Union Parish v. Trimble, 32 La.Ann. 793 (1880); Succession of Justus, 45 La.Ann. 190, 12 So. 130 (1893); Cox v. Lea's Heirs, 110 La. 1030, 35 So. 275 (1902); Munholland v. Fakes, 111 La. 931, 35 So. 983 (1903); Ackerman v. Larner, 116 La. 101, 40 So. 581 (1905); Doucet v. Fenelon, 120 La. 18, 44 So. 908 (1907); Malbrough v. Roundtree, 128 La. 39, 54 So. 463 (1911); Hamilton v. Hamilton, 130 La. 302, 57 So. 935 (1912); Weathersby v. Springfield Lumber Co., 141 La. 577, 75 So. 416 (1917); Louisiana Sulphur Mining Co. v. Brimstone R. & Canal Co., 143 La. 743, 79 So. 324 (1918); Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400 (1922); Strong v. Haynes, 152 La. 695, 94 So. 322 (1922); Barnes v. Barnes, 155 La. 981, 99 So. 719 (1924); Miller v. Utley-Holloway Sawmill Co., 168 La. 934, 123 So. 625 (1929); Berry v. Franklin State Bank & Trust Co., 186 La. 623, 173 So. 126 (1937); Whitney National Bank of New Orleans v. Schwob, supra; Fried v. Bradley, supra; Giuffria Realty *554 Company v. Kathman-Landry, Inc., 173 So.2d 329 (La.App.4th Cir. 1965); Moore v. Shell Oil Company, 228 So.2d 205 (La.App.3d Cir. 1969), writ denied 255 La. 278, 230 So.2d 587 (1970); Reed v. Thomas, supra.
Our view, consistent with Brownson, is that Article 2221, the source of which was Article 1304 of the French Civil Code, established a ten-year prescriptive period for actions to annul or rescind agreements, unless a shorter period was established for such an action by a particular article of the code or statute. Article 3542, which has no counterpart in the French Civil Code, dealing specifically with prescription, establishes a shorter period for actions to annul or rescind contracts. This latter article applies to any action to annul or rescind a contract which is voidable but subject to ratification or confirmation.
Such is the nature of the action here. Although the petition is practically devoid of allegations of fact as distinguished from conclusions, it may well set forth a cause of action for nullity of the contract and deeds for error, fraud, or breach of the attorney/client relationship. See Searcy v. Novo, 188 So. 490 (La.App.2d Cir. 1939). Under the allegations, if proved, the contract and deeds may have been voidable for reasons established for the protection of individuals and subject to confirmation and ratification.
We hold this action is governed by the five-year prescriptive period of Article 3542 and since the action was not commenced until more than five years after the execution and performance of the contracts, and there are no allegations that would cause prescription to commence running at some later time, the action has prescribed. The judgment of the district court dismissing plaintiff's suit is affirmed at appellant's costs.
Affirmed.
NOTES
[1] LSA-C.C. Art. 3542:

"The following actions are prescribed by five years:
"That for the nullity or rescission of contracts, testaments or other acts.
"That for the reduction of excessive donations.
"That for the rescission of partitions and guarantee of the portions.
"This prescription only commences against minors after their majority."
[2] LSA-C.C. Art. 3544:

"In general, all personal actions, except those before enumerated, are prescribed by ten years."